Edward G. MERCHANT, dba Rox-Ex Exterminating Co., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 11206.

Court of Civil Appeals of Texas.

Austin.

May 13, 1964.

Rehearing Denied June 10, 1964.

McCulloch, Ray, Trotti & Hemphill, Sam Dawkins, Jr., Dallas, for appellants.

Waggoner Carr, Atty. Gen., J. H. Broadhurst, Ernest Fortenberry, Asst. Attys. Gen., Austin, for appellees.

ARCHER, Chief Justice.

This is a suit brought by the State of Texas on behalf of the Texas Employment Commission for collection of unemployment compensation taxes alleged owed by appellants on certain persons who were doing insect extermination work for appellants. By order of the District Court, the following causes were consolidated: No. 132,540, State of Texas vs. Edward G. Merchant, d/b/a Rox-Ex Exterminating Co.; No. 132,541, State of Texas vs. E. G. Merchant, d/b/a Rox-Ex Exterminating Co.; and No. 132,554, State of Texas vs. Edward G. Merchant and Mrs. Hilda Pringle, Administratrix of the Estate of Herbert Pringle. The sole question is whether these persons are independent contractors, thus excluded from coverage by Article 5221b–17, Vernon's Ann.Civil Statutes of Texas, or whether they are regular employees upon whom appellants should have remitted unemployment taxes pursuant to Article 5221b–12(b), Civil Statutes of Texas.

Judgment was rendered for the State of Texas on November 19, 1963, in the sum of $2,361.96 (including penalties and interest) from which judgment appellants have duly perfected this appeal.

The appeal is predicated on two points and are that the Trial Court erred in failing to hold that appellants were not liable for unemployment compensation taxes on per-

sons doing extermination work, and in failing to hold that persons doing extermination work for appellants were not engaged in employment subject to unemployment taxes.

Article 5221b–17(g) (1), V.A.C.S., reads:

" 'Employment' means any service performed * * * for wages or under any contract of hire, written or oral, express or implied, provided that any services performed by an individual for wages shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Commission that such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact."

The only witness testifying in the trial was Edward G. Merchant, who was either a partner or sole proprietor in each of the companies.

As may be noted the statute, Art. 5221b–17(g) (1) places the burden of proof on the employer to show that the services in question were not *employment,* once it is shown that the services were performed for any type of remuneration.

In his testimony Mr. Merchant recited the method of operation of his business and the work done, that a bulletin board or a book is kept on which the name, address and location in the city of all persons calling for service, whether it is insect, roofing, termite, or lawn, and any other information is written, and set out the pay schedule.

The witness testified that he did not withhold social security or income taxes from the pay of the persons who do the work. In the insect department the pay is $1.00 per room, $15.00 per day to the subcontractors and the inspectors in the termite department. Those who work on lawn and tree spraying are paid 20% of the job cost.

On cross examination the witness testified that the person who made inspection of premises is paid $15.00 or $20.00 per day; that all solicitation was done by advertising; that each contractor comes to the place of business and is given a vehicle completely equipped to perform the services. The vehicles or trucks furnished are owned by the employer and carry the name of the concern painted thereon; that the witness fixed the prices to be charged based on so much a square foot, or so many dollars per room; that the company furnished insurance and bonds necessary to protect all clients and the general public, but did not carry Workmen's Compensation Insurance.

The witness testified his companies furnished a billing and collecting service, and some financing of the work; that all booking is done at the office, and any profit or loss from the business belonged to the witness.

We believe that the persons who performed the various services for appellants' pest control company were not independent contractors, but were employees.

There can be no question but that two of the three classes of workmen, that is, inspectors and termite exterminators, who received fixed salaries, as stated by the witness Merchant, were employees. Mr. Merchant made all basic decisions, what equipment would be used, the chemicals to be applied, the prices to be charged, what advertising would be done, what insurance would be carried, and how any deferred payments would be carried. The insect exterminators were paid $1.00 per room and the same degree of control as other workmen was exercised.

Each of the persons engaged in the work entered into a written contract with Mr. Merchant, setting out what Merchant would do and furnish, which as stated, included all equipment for spraying etc., automotive transportation, insurance to protect all clients and the general public, billing and collecting service, an up-to-date list of past and prospective clients, and a course of training and instruction sufficient to qualify the persons to perform any and all services.

The "second party," the persons doing the work bound himself to diligently pursue the business of pest and termite extermination in accordance with instructions furnished by Merchant, and the compensation was fixed. The second party agreed not to engage in any way in the business of pest control anywhere in Tarrant County within a period of two years, etc.

As stated in Gulfcraft, Inc. v. Henderson, Tex.Civ.App., 300 S.W.2d 768, no writ history:

"The fact that an employer entrusts to an employee the exercise of wide discretion with respect to the details of the employment does not change the legal relationship between them."

30 Tex.Jur.2d, Independent Contractors, Secs. 8 and 9, pages 486–89.

The judgment of the Trial Court is affirmed.

Affirmed.