**DIRECT COMMUNICATIONS, INC., Appellant,**

v.

**Stephen L. LUNSFORD and Texas Employment Commission, Appellees.**

No. 05–94–01279–CV.

Court of Appeals of Texas, Dallas.

July 17, 1995.

Publication Ordered Aug. 30, 1995.

538

Paula S. Waddle, Corpus Christi, Stephen L. Lunsford, Allen, for appellant.

Sylvia F. Hardman, Anthony Aterno, Asst. Atty. Gens., Austin, for appellees.

Before LAGARDE, OVARD and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

This is a summary judgment case. Direct Communications, Inc. (DCI) appealed the Texas Employment Commission's (TEC)[1] award of unpaid wages to Stephen L. Lunsford by filing suit in district court. All parties moved for summary judgment. The trial court granted summary judgment for the TEC and Lunsford. In two points of error, DCI argues the trial court erred in granting appellees' summary judgment motion because the evidence was legally and factually insufficient. We affirm the trial court's judgment.

## BACKGROUND

DCI employed Lunsford as Vice President for Operations from December 1, 1989 until December 20, 1991. Lunsford agreed in mid-November 1990 to temporarily defer 20% of his salary due to the financial problems of DCI's parent company. This was a verbal agreement among Lunsford, the President of DCI, Dr. Alex Lacy, and another DCI employee, Joann McDole.

When he was terminated, Lunsford requested payment of the deferred salary, which amounted to $17,019.73. When DCI refused his request, Lunsford filed a wage claim with the TEC. Lunsford contended the deferred income was to be paid to him and his full salary was to be restored once the company's financial problems were overcome. DCI contended this was a permanent salary reduction which Lunsford accepted so that he would not be laid off. The TEC found that DCI failed to pay all wages due to Lunsford pursuant to the Payday Law.[2]

## SUMMARY JUDGMENT EVIDENCE

In its first point of error, DCI complains appellees' summary judgment evidence was legally insufficient. Specifically, DCI claims that because the summary judgment proof consisted of the certified TEC record and references to discovery documents, and that these items were not properly admitted into evidence pursuant to the Texas Rules of Civil Evidence, no evidence was before the trial court when it granted summary judgment in favor of the appellees. DCI contends the TEC record was not properly authenticated, none of the individual parts of the TEC record was separately introduced by affidavit, McDole's affidavit was not based on personal knowledge, and the evidence contained inadmissible hearsay. DCI bases its claim upon *Nuernberg v. Texas Employment Commission,* 858 S.W.2d 364 (Tex.1993) (per curiam) and Tex.R.Civ.P. 166a(f).

Appellees argue DCI waived the right to raise any evidentiary complaints on appeal because DCI failed to preserve them in the trial court.

### 1. Applicable Law

The trial court renders its decision on summary judgment based upon (i) "the deposi-

---

1. "TEC" as used in this opinion refers to the administrative agency as a whole, not the three individuals who form the Texas Employment Commission. *See* Tex.Labor Code Ann. § 202.001 (Vernon 1995) for current version of Texas Employment Commission membership requirements and composition.

2. Act of May 3, 1983, 68th Leg., R.S., ch. 317, § 1, 1983 Tex.Gen.Laws 1691, 1691, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex.Gen.Laws 987, 1273 (current version at Tex.Labor Code Ann. §§ 61.001–.084 (Vernon 1995)).

tion transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and *authenticated or certified public records,* if any, *on file at the time of the hearing*". TEX.R.CIV.P. 166a(c) (emphasis added). Issues not expressly presented to the trial court by written motion, answer or other response, shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166a(c); *see also State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex. 1986); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX.R.CIV.P. 166a(f); *Spencer v. City of Dallas*, 819 S.W.2d 612, 616 (Tex. App.—Dallas 1991, no writ). "It is generally held that, absent objection, defects in the authentication of attachments in support of a motion for summary judgment or response are waived." *Giese v. NCNB Texas Forney Banking Ctr.*, 881 S.W.2d 776, 782 (Tex. App.—Dallas 1994, no writ). Failure to affirmatively show the affiant had personal knowledge is a defect in form. *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex.1990).

To avoid waiver of a formal defect, a party must object or except in writing in the trial court prior to the summary judgment hearing, bring the objection or exception to the trial court's attention, and secure a ruling. TEX.R.APP.P. 52(a); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n. 7 (Tex.1993).

**2. Application of Law to Facts**

The trial court heard the motions for summary judgment filed by the appellees on August 31, 1993. The trial court signed the final summary judgment on January 11, 1994. DCI filed its Amended Motion for Reconsideration, for New Trial, and to Reform Judgment on February 11, 1994. DCI's ground for reconsideration was the Texas Supreme Court's decision in *Nuernberg*, which DCI argues became final shortly

after the summary judgment hearing. (In *Nuernberg*, the motion for rehearing was overruled September 10, 1993.) DCI specifically pointed to the language which stated, "Individual items within the agency record may be introduced at trial, but they must be introduced independently and pursuant to the Texas Rules of Civil Evidence." *Nuernberg*, 858 S.W.2d at 365.

■ This language from the *Nuernberg* opinion does not represent a departure from well-established Texas law. The evidence heard by the agency is not per se admissible in the district court. *Mary Lee Found. v. Texas Employment Comm'n*, 817 S.W.2d 725, 727 (Tex.App.—Texarkana 1991, writ denied). Whether the evidence is admissible depends upon "its own merits under the general rules of evidence." *Mary Lee Found.*, 817 S.W.2d at 727; *see also Instant Photo, Inc., v. Texas Employment Comm'n*, 650 S.W.2d 196, 198 (Tex.App.—San Antonio 1983, no writ); *Texas Employment Comm'n v. City of Houston*, 616 S.W.2d 255, 259 (Tex.Civ.App.—Houston [1st Dist.], *writ ref'd n.r.e. per curiam*, 618 S.W.2d 329 (Tex.1981); *Halsell v. Texas Water Comm'n*, 380 S.W.2d 1, 17 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.); *Kavanagh v. Holcombe*, 312 S.W.2d 399, 403 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.).

In *Haas v. Texas Employment Comm'n*, 683 S.W.2d 462, 464 (Tex.App.—Dallas 1984, no writ), this court stated the substantial evidence trial de novo standard mandated "a trial de novo without regard to the evidence heard by the Commission, unless evidence of the Commission hearing is properly introduced in the trial court." *Accord Texas Employment Comm'n v. Bell Helicopter Int'l, Inc.*, 627 S.W.2d 524, 526 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

■ DCI did not raise the issue of the admissibility of the summary judgment evidence until after the summary judgment hearing had taken place and the trial court had granted summary judgment in favor of appellees. Therefore, DCI waived its right to complain of this issue on appeal. *See* TEX.R.CIV.P. 166a(c). We overrule DCI's first point of error.

## SUFFICIENCY OF EVIDENCE

In its second point of error, DCI complains the trial court lacked jurisdiction. Although DCI has couched its argument in jurisdictional terms, DCI argues there was no evidence for issues it raised in its response to appellees' motions for summary judgment. Specifically, DCI asserts there was no evidence it was the employer, the claim was not filed within 180 days of the time it accrued, and, because the claim involved a salary reduction rather than a deferral, the TEC lacked subject matter jurisdiction.

Appellees assert the summary judgment evidence established there was substantial evidence supporting the TEC decision that DCI owed Lunsford wages as a matter of law.

### 1. Applicable Law—District Court Review

■ The trial court reviews a TEC decision by trial de novo. Act of May 2, 1991, 72nd Leg., R.S., ch. 159, § 3, 1991 Tex.Gen. Laws 766, 767, *repealed by* Act of May 12, 1993, 73rd Leg., R.S. ch. 269, § 5, 1993 Tex. Gen.Laws 987, 1273 (current version at TEX.LABOR CODE ANN. § 61.062(e) (Vernon 1995)); *Potts v. Texas Employment Comm'n,* 884 S.W.2d 879, 881 (Tex.App.—Dallas 1994, no writ). It determines whether TEC's decision is supported by substantial evidence. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986). "Reviewing courts are not bound by, nor do they review, TEC's findings of fact." *Potts,* 884 S.W.2d at 881–82. The trial court rules on the evidence admitted at the trial de novo—not the evidence presented at the TEC hearing. *Nuernberg,* 858 S.W.2d at 365; *Mercer,* 701 S.W.2d at 831.

■ The burden is on the party challenging a TEC ruling to show that the ruling is not supported by substantial evidence. *Mercer,* 701 S.W.2d at 831. It is for the reviewing court "to decide whether the evidence is such that reasonable minds could not have reached the conclusion the administrative body must have reached in order to justify its actions." *Haas,* 683 S.W.2d at 464.

The reviewing court determines only whether TEC's findings of fact are supported by substantial evidence. *Potts,* 884 S.W.2d at 882; *Mercer,* 701 S.W.2d at 831, *see also* current codification at TEX.LABOR CODE ANN. § 61.062(e) (Vernon 1995)).

### 2. Applicable Law—Summary Judgment

■ When we review a trial court's granting of summary judgment, we apply the standards mandated by the Texas Supreme Court. They are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.
2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant.
3. We indulge in every reasonable inference and resolve any doubts in the non-movant's favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no genuine fact issues. *Port Distrib. Corp. v. Fritz Chem. Co.,* 775 S.W.2d 669, 670 (Tex. App.—Dallas 1989, writ dism'd by agreement). It does not provide for trial by deposition or affidavit. *See Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The trial court determines if any fact issues exist; it does not evaluate the evidence and decide the case on affidavits. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership,* 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991). The summary judgment rule eliminates a patently unmeritorious claim or an untenable defense. It is not meant to deprive litigants of a full hearing on the merits of any real issue of fact. TEX.R.CIV.P. 166a(c); *see Gulbenkian,* 151 Tex. at 416, 252 S.W.2d at 931.

■ The determination of whether the TEC's decision was supported by substantial evidence is a question of law. *Arrellano v. Texas Employment Comm'n,* 810 S.W.2d 767, 770 (Tex.App.—San Antonio 1991, writ

denied). There is no restriction of the summary judgment practice in a case tried under the substantial evidence rule. *Cruz v. City of San Antonio,* 424 S.W.2d 45, 47 (Tex.Civ. App.—San Antonio 1968, no writ).

■■■ The appellate court reviews the trial court's judgment. *Potts,* 884 S.W.2d at 882. We review TEC's decision against the evidence presented to the trial court and the governing law. *Id.* We determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support TEC's decision. *Id.,* at 883. We do not review TEC's findings of fact. *Id.,* at 882.

### 3. Application of Law to Facts
#### a. DCI as Employer

■■■ DCI claims it was not Lunsford's employer because *Action Staffing* was actually Lunsford's employer. DCI argues that because there were controverting affidavits, inter-office correspondence, payroll reports and a termination report stating Action Staffing was the employer, it raised a fact issue as to whether DCI was not Lunsford's employer.

The fact issue before the TEC was whether Lunsford was free from DCI's control or direction over the performance of his services. *See Merchant v. State,* 379 S.W.2d 924, 925 (Tex.Civ.App.—Austin 1964, no writ) (current codification at Tex.Labor Code Ann. § 61.001(5) (Vernon 1995)). Summary judgment evidence included affidavits supporting Lunsford's claim DCI was the employer, and documents from the TEC hearing including a payroll worksheet and separation report which listed DCI as Lunsford's company name, as well as an "Interim Employee Agreement" from DCI. Lunsford's notice of termination was also from DCI.

TEC and Lunsford also point out that in its response to TEC's request for admissions, DCI admitted it was Lunsford's employer. Although DCI asserts it filed a motion to withdraw this admission and amend it, DCI failed to obtain a ruling from the trial court on its motion. Any matter admitted "is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission." Tex.R.Civ.P. 169.

The summary judgment evidence established there was substantial evidence to support TEC's decision Lunsford's employer was DCI as a matter of law.

#### b. Salary Deferral v. Salary Reduction

■■■ DCI complains the TEC lacked jurisdiction because there was never any agreement any wages were due. DCI claims the agreement was a permanent salary reduction rather than a temporary salary deferral. In its role as factfinder, the TEC found there was a salary deferral which was to be paid back to Lunsford at a later date.

Although controverting evidence was presented by DCI, the TEC record included the affidavit of McDole, the other person present when the agreement between DCI and Lunsford was reached. The TEC findings noted McDole's affidavit corroborated Lunsford's testimony the reduced salary was to be repaid at a later date. Both McDole and Lunsford testified no date certain was set for repayment of the deferred payment.

The summary judgment evidence established there was substantial evidence to support TEC's decision the agreement was a salary deferral as a matter of law.

#### c. Filing Claim Within 180 Days of Its Accrual

■■■ An employee must file a claim for wages with the TEC "not later than the 180th day after the date the wages in question were due for payment." Act of May 29, 1989, 71st Leg., R.S., ch. 1039, § 3.01. 1989 Tex.Gen.Laws 4172, 4214, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex.Gen.Laws 987, 1273 (current version at Tex.Labor Code Ann. § 61.051(c) (Vernon 1995)). DCI claims that because the agreed salary reduction occurred on November 1, 1990, Lunsford filed his claim with the TEC almost two years later. Thus, DCI argues, the TEC lacked authority to consider Lunsford's claim.

When the wage claim became due is a question of fact. Both McDole and Lunsford testified no date certain was set for payment

of the deferred compensation. Although controverting evidence was presented by DCI, the TEC, in its role as factfinder, determined that the wage claim became due when Lunsford was terminated. Thus, Lunsford did file his claim within 180 days of when it became due.

The summary judgment evidence established there was substantial evidence to support the TEC's decision that Lunsford filed his claim within 180 days of its accrual as a matter of law. We overrule DCI's second point of error.

We affirm the trial court's judgment.