

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-221-CV

BRUCE A. ADES                                          APPELLANT

V.

TEXAS WORKFORCE                                       APPELLEES
COMMISSION AND TXU
MINING SERVICES COMPANY

------------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This is an unemployment compensation appeal.  In two issues, Appellant

Bruce A. Ades, pro se, appeals the trial court's grant of summary judgment in

---

[1] *See* Tex. R. App. P. 47.4.

favor of Appellees Texas Workforce Commission ("TWC") and TXU Mining Services Company ("Luminant").[2]  We will affirm.

## II. BACKGROUND

Ades worked for Luminant from April 16, 2007, to October 15, 2007. Luminant has a Code of Conduct that prohibits employees from withholding or giving false or misleading information during an investigation.  On September 20, 2007, Ades instructed Luminant employee Gerald Haupt to purchase a 42-inch flat-screen television for the mine facility where they worked.  Ades told Haupt that Operations Manager Ricky Godwin had authorized the purchase. Haupt purchased the television from Wal-Mart using a company credit card, and Ades directed Colby Guest, a third-party vendor, where to mount the television at Luminant's facility.  As it turns out, neither Godwin nor other management gave Ades or any other employee permission to purchase the television, which was returned the following day.  Luminant conducted an investigation into the unauthorized purchase of the television, and Ades denied having any knowledge or involvement in the purchase.  Luminant, however, determined that Ades had

---

[2]  We refer to TXU Mining Services Company as "Luminant" because Luminant Mining Services Company stated in its original answer that it had been incorrectly sued by Ades as "TXU Mining Services Company."  TWC contends similarly and refers to TXU Mining Services Company as "Luminant" throughout its brief, which Luminant adopted.

in fact been involved in the purchase of the television; it therefore discharged him from employment for violating its Code of Conduct for providing false information in an investigation.

TWC initially approved Ades's claim for unemployment compensation benefits. Luminant appealed, and an appeal tribunal affirmed the initial decision. Luminant appealed the tribunal's decision, and TWC reversed the tribunal, determining that Ades was disqualified from receiving benefits because he had been discharged for misconduct connected with his employment. *See* Tex. Lab. Code Ann. § 207.044(a) (Vernon 2006). Ades timely filed a petition for a trial de novo against TWC and Luminant in the district court. The trial court granted TWC and Luminant's joint motion for summary judgment, concluding that substantial evidence supported TWC's decision to deny Ades unemployment compensation benefits.

### III. ADES CHALLENGES THE SUMMARY JUDGMENT

In two issues, which we address together, Ades argues that the trial court erred by granting TWC and Luminant's joint motion for summary judgment because substantial evidence does not, as a matter of law, support TWC's determination that he is statutorily disqualified from receiving unemployment compensation benefits for committing misconduct.

3

### A. Substantial Evidence Review

The trial court reviews a TWC decision regarding benefit payments de novo to determine whether there is substantial evidence to support that decision. *Id*. § 212.202(a) (Vernon 2006); *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Under a substantial evidence review, the issue is whether the evidence introduced at trial shows facts in existence at the time of TWC's decision that reasonably support the decision; the trial court must determine whether reasonable minds could have reached the same conclusion that TWC reached. *Collingsworth Gen. Hosp. v. Hunnicut*, 988 S.W.2d 706, 708 (Tex. 1998); *see Dotson v. Tex. State Bd. of Med. Exam'rs*, 612 S.W.2d 921, 922 (Tex. 1981). If substantial evidence supports either an affirmative or a negative determination of a former employee's entitlement to collect unemployment compensation benefits, the trial court must allow TWC's order to stand. *Edwards v. Tex. Employment Comm'n*, 936 S.W.2d 462, 465 (Tex. App.—Fort Worth 1996, no writ) (stating that if a trial court finds substantial evidence to support TWC's ruling, it must yield to the discretion exercised by TWC in making the ruling); *see Firemen's and Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984) (discussing substantial evidence review).

4

TWC's determination carries a presumption of validity, and whether the decision is supported by substantial evidence is strictly a question of law. *Mercer*, 701 S.W.2d at 831; *City of Houston v. Morris*, 23 S.W.3d 505, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence; consequently, the evidence may preponderate against TWC's decision but still amount to substantial evidence.  *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

The party seeking to set aside the decision has the burden of showing that it is not supported by substantial evidence.  *Mercer*, 701 S.W.2d at 831.  The trial court may not set aside a TWC decision merely because there was conflicting or disputed testimony or because the court would reach a different conclusion.  *Hunnicut*, 988 S.W.2d at 708; *Goettman v. Tex. Workforce Comm'n*, No. 02-02-00073-CV, 2003 WL 1090521, at *3 (Tex. App.—Fort Worth Mar. 13, 2003, no pet.) (mem. op.).  Rather, the court may only set aside TWC's decision if it finds that the decision was made without regard to the law or the facts and, therefore, was unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831; *Tippy*, 991 S.W.2d at 334.

**B.    Summary Judgment**

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  *Sw. Elec. Power Co.,* 73 S.W.3d at 215.  We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).  But we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.  *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

Appeals under substantial evidence review are uniquely suited to summary judgment because the only issue before the court is a question of law.

6

*Arrellano v. Tex. Employment Comm'n*, 810 S.W.2d 767, 771 (Tex. App.—San Antonio 1991, writ denied). Our task in this appeal is to determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support TWC's decision. *See, e.g., Direct Commc'ns, Inc. v. Lunsford*, 906 S.W.2d 537, 542 (Tex. App.—Dallas 1995, no writ).

**C.    Substantial Evidence Supports TWC's Decision as a Matter of Law**

The Texas Unemployment Compensation Act's intent is to compensate those who become unemployed through no fault of their own. *Hunnicut*, 988 S.W.2d at 709–10. However, "[a]n individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work." Tex. Lab. Code Ann. § 207.044(a). "Misconduct" means "misman-agement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or *violation of a policy or rule adopted to ensure the orderly work and the safety of employees*." *Id.* § 201.012(a) (emphasis added).

TWC and Luminant attached evidence to their joint motion for summary judgment that showed the following: Luminant's Code of Conduct was adopted to ensure the orderly work and safety of its employees; Luminant's employees are expected to follow the Code of Conduct; a violation of the Code

7

of Conduct can lead to disciplinary action or immediate termination; Ades electronically signed an "Acknowledgment and Certification of Compliance" indicating that he had read and understood the Code of Conduct; Ades instructed Haupt to purchase a television for the mining facility; before purchasing the television with the company credit card, Haupt called Ades to confirm that the purchase had been authorized, and Ades assured Haupt that the purchase had been approved; Ades directed Guest where to mount the television at Luminant's facility; Operations Manager Godwin did not give Ades permission to purchase the television; when Luminant investigated the unauthorized television purchase, Ades denied having any knowledge or involvement in the purchase; Luminant terminated Ades's employment because he provided false information during a company investigation, which is a violation of Luminant's Code of Conduct. TWC and Luminant's summary judgment evidence thus shows that Ades committed misconduct connected with his work because he violated Luminant's Code of Conduct, which was adopted to ensure the orderly work and safety of its employees, when he provided false information in the course of Luminant's investigation. *See* Tex. Lab. Code Ann. § 207.044(a). The facts constituting Ades's misconduct, which were in existence at the time of TWC's decision, reasonably support its

8

determination that Ades is disqualified from receiving unemployment compensation benefits. *See id*.; *Hunnicut*, 988 S.W.2d at 708.

Ades argues that the question before the trial court was "did [he] lie during the investigation[,] and is that sufficient to rise to the level of misconduct." But this was not the "question" before the trial court because TWC was the primary fact-finding body, not the trial court. *See Brinkmeyer*, 662 S.W.2d at 956. The issue before the trial court was strictly one of law: whether substantial evidence supports TWC's decision to deny benefits to Ades. *See* Tex. Lab. Code Ann. § 212.202(a); *Mercer*, 701 S.W.2d at 831. Ades also challenges TWC and Luminant's factual allegations that he committed misconduct, but mere conflicts in the evidence do not permit the trial court to set aside TWC's determination under the substantial evidence standard. *See Hunnicut*, 988 S.W.2d at 708. Further, Ades responded to TWC and Luminant's joint motion for summary judgment with a "Motion to Deny Defendants' Motion for Summary Judgment," but he did not attach any evidence to the motion. To the extent Ades references evidence in his brief that is not part of the summary judgment record, that evidence does not support Ades's argument because we are required to look at the evidence presented at the trial de novo, not at the record created by the TWC. *See Mercer*, 701 S.W.2d at 831.

9

We hold that Ades failed to demonstrate that TWC's decision was made without regard to the law or the facts and, therefore, was unreasonable, arbitrary, or capricious. We further hold that the trial court did not err by concluding that the summary judgment evidence established as a matter of law that substantial evidence existed to support TWC's determination that Ades is statutorily disqualified from receiving unemployment compensation benefits for committing misconduct; reasonable minds could have reached the same conclusion as TWC—that Ades violated Luminant's Code of Conduct for giving false information during an investigation. *See Hunnicut*, 988 S.W.2d at 708; *Dotson*, 612 S.W.2d at 922. We overrule Ades's two issues.

## IV. CONCLUSION

Having overruled Ades's two issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, WALKER, and MCCOY, JJ.

DELIVERED: October 22, 2009

10