**AFFIRM; and Opinion Filed January 31, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01183-CV

### L. JOHNSON, Appellant
### V.
### TEXAS WORKFORCE COMMISSION, FRIEDMAN & FEIGER, LLP, AND OASIS OUTSOURCING III, INC., Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-04671**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

This is an appeal by L. Johnson from a summary judgment upholding the Texas Workforce Commission's decision to deny unemployment compensation benefits to her. She raises three issues on appeal: (1) the trial court erred by granting appellees' motions for summary judgment; (2) the trial court erred by denying her cross-motion for summary judgment; and (3) the trial court erred by dismissing appellee law firm Friedman & Feiger, LLP from the lawsuit. We affirm.

### Background

Johnson was employed in August 2012 by the law firm as a legal secretary. Appellee Oasis Outsourcing III, Inc., a licensed professional employer organization that contracted with the law firm to provide human resources, risk management, benefits, and payroll services, was

named as Johnson's employer in the proceeding before the Commission and appeared at the hearings pursuant to its contract with the law firm. The Commission initially awarded benefits to Johnson, but reversed that decision on appeal. Johnson appealed the reversal, and the Commission affirmed the denial of benefits. Johnson sought judicial review. All parties filed motions for summary judgment in the trial court, and the court's rulings on those motions dismissed the law firm from the lawsuit and affirmed the Commission's decision to deny benefits. Johnson appealed to this Court.

**Standard of Review**

On judicial review of a decision by the Commission, the sole issue before the trial court is "whether the evidence introduced before the trial court shows facts in existence at the time of the [Commission's] decision that reasonably support the decision." *See* TEX. LAB. CODE ANN. § 212.202(a) (West 2015) (trial court reviews decision de novo using substantial evidence standard); *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). The Commission's decision is presumed valid, and the party seeking to set aside the decision bears the burden to show the decision was not supported by substantial evidence. *Hunnicutt*, 988 S.W.2d at 708. The trial court may set aside a decision by the Commission only if it concludes that the decision "was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious." *Id*. It may not set aside the decision solely because it would have reached a different conclusion. *Id*.

Whether a Commission's decision is supported by substantial evidence is a question of law. *Galindo v. Tex. Workforce Comm'n*, No. 05-11-01627-CV, 2012 WL 1470153, at *1 (Tex. App.—Dallas Apr. 26, 2012, no pet.) (mem. op.). "Substantial evidence" means more than a scintilla, but the evidence does not have to preponderate in favor of the decision; it is evidence such that reasonable minds could have reached the decision the Commission must have reached

in order to make the decision it did. *Direct Commc'ns, Inc. v. Lunsford*, 906 S.W.2d 537, 541 (Tex. App.—Dallas 1995, no writ). In reviewing the trial court's summary judgment in this type of case, we review the Commission's decision against the evidence presented to the trial court and the governing law and determine whether the summary-judgment evidence established as a matter of law that substantial evidence existed to support the Commission's decision. *Id.* at 542.

## Discussion

In issues one and two, which Johnson argues together, she contends that summary judgment in favor of the Commission[1] was improper because substantial evidence did not support the Commission's decision that her discharge was due to misconduct related to her work, and the trial court should have granted her cross-motion for summary judgment. We disagree.

The Texas Unemployment Compensation Act states that an employee is ineligible to receive unemployment benefits if the employee "was discharged for misconduct connected with the individual's last work." TEX. LAB. CODE ANN. § 207.044(a). The Act defines "misconduct" as:

> [M]ismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of the law, or violation of policy or rule adopted to ensure the orderly work and safety of employees.

*Id*. § 201.012.

The Commission attached the record of its proceedings as summary-judgment evidence and also presented to the trial court the following evidence of Johnson's misconduct:

Johnson, a licensed attorney, applied for a paralegal position with the law firm; instead, she was offered and accepted a position as legal secretary. Upon starting the position, Johnson received a written job description for a legal secretary with the firm. The description stated,

---

[1] We refer to the Commission and Oasis collectively as the Commission.

–3–

among other things, that the firm "expect[s] all legal secretaries to exercise good judgment, discretion, maintain a proactive work ethic and exhibit well-developed interpersonal skills." It stated that a legal secretary's job duties included to "[w]ork in cooperation with assigned team paralegal(s)." During the course of her employment, however, Johnson complained about having to "train" paralegals and do their work. In June 2013, the law firm gave Johnson a written reprimand concerning an "on-going personality conflict between [Johnson] and paralegal [D.O.]" stating they had been "unable to work together as a cohesive team." The reprimand stated

> there is in-fighting amongst them in the form of non-cooperation on case matters . . ., and an unfriendly, tension-filled atmosphere exists in their corner of the 2nd floor. All of this is a distraction to the attorneys and a distraction to them as employees, which is affecting their work. The clients' cases are in jeopardy due to [Johnson] and [D.O.] being unable to professionally set aside their personality conflict while at the office.

The reprimand also stated that Johnson had been "previously advised verbally" by the human resources manager that her job required her to cooperate with assigned paralegals. Four months after the written reprimand, Johnson again complained through emails to the human resources manager (and copied to Johnson's supervising attorney) that she was having to do the paralegals' work, teach and coach them, review their work, and file notices and requests for records, all of which took considerable time away from her job and for which she was not being paid. Johnson ended one email with: "I would like this corrected now. Or I will be forced to quit my job and you look for a replacement." That same day, Johnson left the office stating she was ill. She went to Parkland Hospital where she saw a doctor who advised her to stay home and rest for the remainder of the week. The next day, Johnson sent an email to her supervising attorney stating that she "won't be in" and explaining that she was ill and had been told to rest. The lengthy email reiterated her on-going complaints about having to do the paralegals' work. That same day, the law firm decided to terminate Johnson, but it did not notify her until the following Monday when she returned to work.

–4–

In the termination letter to Johnson, the law firm reminded Johnson about the requirement "to work in cooperation with the assigned team paralegal(s)," but stated that she had demonstrated an inability to work with two paralegals, was reassigned to a third paralegal, then complained about having to work with that paralegal. At that point, the law firm decided to terminate her employment. The human resources manager testified by affidavit that the firm terminated Johnson's employment because of her insubordinate attitude and refusal to work in cooperation with paralegals.

Johnson argues on appeal that her conduct did not amount to misconduct and that the real reason she was terminated was because she missed work due to illness. She contends that the Commission "is skewing facts to justify its denial of unemployment benefits." The reason for Johnson's termination, however, was a question for the Commission as the primary factfinder and not the trial court. *See Haddock v. Tex. Workforce Comm'n*, No. 02-13-00096-CV, 2014 WL 486076, at *4 (Tex. App.—Fort Worth Feb. 6, 2014, pet. denied) (mem. op.). The only question before the trial court was whether there was substantial evidence to support that decision. *See* TEX. LAB. CODE ANN. § 212.202(a); *Hunnicutt*, 988 S.W.2d at 708. The evidence showed that Johnson's conduct was inappropriate, a violation of law firm policy, and was disrupting work. Based on the record before us, we conclude that Johnson did not satisfy her burden to demonstrate the Commission's decision was unsupported by substantial evidence. *See Hunnicutt*, 988 S.W.2d at 708. Consequently, the trial court did not err by granting the Commission's motion for summary judgment.[2]

Woven within Johnson's arguments on issues one and two are her complaints that the Commission's procedures were tainted with irregularity. She contends there was a bias against her because she was a former hearing officer who blew the whistle on the Commission for

_____

[2] Johnson did not get a ruling on her cross-motion for summary judgment.

–5–

improper procedures. She contends she was denied the rights to ask questions, to lead the witness on cross-examination, and to testify freely about her illness. But Johnson did not produce evidence to support her arguments. Although a recording of the hearing before the Commission was in evidence before the trial court, it is not part of our appellate record. And Johnson did not seek a hearing on this issue. Consequently, there is no evidence upon which we may conclude that the Commission proceedings were tainted by irregularity. *See Tex. Emp't Comm'n v. Gant, Inc.*, 604 S.W.2d 211, 214 (Tex. Civ. App.—San Antonio 1980, no writ) (court may receive evidence of procedural irregularities alleged to have occurred during agency proceedings but not reflected by record).

We resolve issues one and two against Johnson.

In issue three, Johnson argues that the trial court erred by dismissing the law firm from the lawsuit and denying her motion to vacate that dismissal. Again, we disagree.

The law firm filed a no-evidence motion for summary judgment arguing that Johnson's original petition did not state a claim against the firm apart from her complaint about the Commission's decision in which Oasis was listed as the employer. The trial court agreed with the law firm and dismissed it from the lawsuit. We have reviewed Johnson's petition and agree with the trial court that the petition did not assert a separate claim against the law firm. Consequently, the trial court did not err by dismissing the law firm from the lawsuit. We resolve issue three against Johnson.

### Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

151183F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

L. JOHNSON, Appellant

No. 05-15-01183-CV      V.

TEXAS WORKFORCE COMMISSION,
FRIEDMAN & FEIGER, LLP, AND OASIS
OUTSOURCING III, INC., Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-04671.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Texas Workforce Commission, Friedman & Feiger, LLP, and Oasis Outsourcing III, Inc. recover their costs of this appeal from appellant L. Johnson.

Judgment entered this 31st day of January, 2017.