**Conditionally Granted in Part, Denied in Part, and Opinion Filed December 13, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00672-CV

## IN RE PURSUIT OF EXCELLENCE, INC., PURSUIT OF EXCELLENCE TEXAS, LLC, MARIE DIAZ, C. JOHN SCHEEF, ANNA S. BROOKS, AND BRANDY K. CHAMBERS, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-08581**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Myers

The underlying proceeding is an appeal of a Texas Workforce Commission ("TWC") decision on a Texas Pay Day Act claim brought by real party in interest Ruth Torres against relators Pursuit of Excellence, Inc., Pursuit of Excellence-Texas, LLC, and Marie Diaz (collectively "POE"). In this original proceeding, POE and its trial counsel complain of trial court orders that (1) ordered production of documents POE contends are outside the scope of discovery, (2) found relators in contempt for violating the discovery order, and (3) sanctioned relators' attorneys for the alleged violations. We stayed all trial court proceedings and requested a response. After reviewing the petition, Torres' response, POE's reply, and the mandamus record, we conditionally grant the writ as to the contempt order, including the community service sanction against the attorneys, and deny the writ as to the discovery order itself.

## Background

Torres filed a claim with the TWC for unpaid wages against POE. The TWC concluded that Torres was an independent contractor and denied the claim. Torres maintains that she was a POE employee. She appealed the TWC decision to the district court and served a host of discovery requests to POE, many of which sought information regarding the employment classifications and compensation of other POE employees. POE objected to the requests, arguing that the discovery sought was outside the scope of discovery. POE argued that the only issue before the trial court was whether there was substantial evidence presented to the TWC to support its determination that Torres was an independent contractor. An associate judge initially ruled on POE's objections and compelled production. POE appealed to the district court and, at an April 19, 2018 hearing, the district court judge made verbal rulings on POE's objections. The district court judge signed a written order on May 8, 2018 that purported to put the verbal rulings in writing. The May 8 order directed POE to comply by May 21, 2018. The May 8 order also specifically required POE to include responsive documents as to sixteen specifically named individuals, prohibited redaction other than worker social security numbers, required a notarized affidavit explaining any assertion that no documents exist within POE's care, custody, or control, and required an affidavit affirming any assertion of privilege and a privilege log.

POE moved to reconsider and vacate the May 8 Order. Before the hearing on POE's motion to reconsider, however, POE served its second supplemental responses to the requests for production and responded to request numbers 1, 2, 4, and 7 pursuant to the May 8 Order. POE answered request number 1 as to the sixteen individuals and produced responsive documents as available. As to request number 2, POE answered the request and averred that all responsive documents had been produced. As to request number 4, POE averred that it had no responsive documents because the entities were created more than 10 years prior and POE no longer had

custody, care, or control over applications made to the TWC. As to request number 7, POE answered that it does not maintain employment tax records prior to 2015 and does not have any responsive documents within POE's care, custody, or control. That production supplemented POE's previous production in which POE produced documents in accordance with the associate judge's order to requests for production numbers 1 and 2, and averred that POE had "no other documents responsive to" requests for production numbers 1 and 2 and had no documents responsive to request for production number 7.

Torres was displeased with POE's responses and, on May 30, 2018, filed a motion for contempt, spoliation, protective order, and sanctions. Torres alleged that POE had failed to produce all documents responsive to request numbers 1, 2, 4, 6, and 7 and had engaged in witness tampering. A show cause hearing was held on June 5, 2018.

At the show cause hearing, Torres complained that POE had not produced any tax records or payroll documents for any workers in response to request number 1. POE argued that the May 8 order simply stated that tax documents "may be responsive" and "may satisfy" the request but did not require POE to produce tax records. The trial judge made verbal rulings on the record regarding the motion for contempt. She granted the "motion for contempt on Item Number 1" and told POE to "stop playing games":

> THE COURT: Oh, come on. Stop playing games. Just give it – if you have those documents, I'm ordering you now give it to her. Don't play – may, shall not, whatever. Give it to her. You're playing legal games and I don't appreciate it. Giver her what she – give her whatever the – give her those statements. Don't play games with me.

The trial judge ordered POE to produce responsive documents by noon on Friday, June 8, 2018 and stated that counsel would be required to perform 25 hours of community service for every minute the production is late. The trial judge did not find POE in contempt as to requests for

production numbers 2, 4, 6, or 7. The trial judge did not rule on the motion for sanctions or the spoliation motion, and did not sign an order on the contempt motion.

POE maintained in the trial court and reiterates here that POE complied with the verbal rulings from the April 19 hearing, produced all responsive documents in their care, custody, or control, and confirmed via affidavit that no other responsive documents exist. POE seeks a writ of mandamus directing the trial court to vacate its May 8, 2018 discovery order and June 5, 2018 contempt order.

## Mandamus Standard

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Although an appellate court may issue a writ of mandamus based on a court's oral pronouncements, it may do so only if the trial court's ruling is a clear, specific, and enforceable order that is adequately shown by the record. *In re Penney*, No. 05-14-00503-CV, 2014 WL 2532307, at * 2, n. 3 (Tex. App.—Dallas June 4, 2014, orig. proceeding) (mem. op.) (citing *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *In re Kelton*, No. 12–11–00355–CR, 2011 WL 5595219, at *1 (Tex. App.—Tyler Nov.17, 2011, orig. proceeding) (mem. op.)). An appellate court can determine whether an oral order meets these criteria by reviewing the reporter's record from the hearing. *In re Penney*, 2014 WL 2532307 at * 2, n. 3. We conclude the district court judge's June 5 verbal rulings finding POE in contempt and sanctioning POE's attorneys meet these criteria and are subject to mandamus review.

## Applicable Law

Torres brought her underlying payday claims under Chapter 61 of the labor code. Section 61.051 provides that "an employee who is not paid wages as prescribed by this chapter may file a

wage claim with the commission in accordance with this subchapter." TEX. LAB. CODE ANN. § 61.051(a) (Supp). Independent contractors are not protected by the Payday Law. TEX. LAB. CODE § 61.001(3)(B).

The TWC uses a multi-factor test derived from the common law to determine whether an individual is in an employment relationship or is instead an independent contractor. *See* 40 TEX. ADMIN. CODE § 821.5 (2015). A worker is an employee if the purchaser of that worker's service has the right to direct or control the worker, both as to the final results and as to the details of when, where, and how the work is done. *Harris Cty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 118–19 (Tex. 2017) (citing 40 TEX. ADMIN. CODE § 821.5 (2015)). Control need not actually be exercised, however; if the service recipient has the right to control, employment may be shown. *Id.* The Texas Pay Day Act lists twenty factors that indicate employment. *Id.* Depending on the type of operation and the services performed, not all factors may apply. *Id.* The weight assigned to a specific factor may vary depending on the facts of the case. *Id.* If an employment relationship exists, it does not matter that the employee is called something different, such as agent, contract laborer, subcontractor, or independent contractor. *Id.*

### Application of Law to Facts

POE seeks relief from the May 8 discovery order, the contempt findings, and the sanctions ordered against POE's counsel. We address each in turn.

### A. Discovery Order

POE's central objection to the discovery requests and order is that the only issue before the trial court is whether there was substantial evidence to support the TWC's ruling and, therefore, the discovery requests seek irrelevant information outside the scope of discovery. Their argument to the trial court, however, was based in part on the faulty premise that the trial court's review is limited to the evidence presented to the TWC. That is incorrect. The trial court reviews a decision

of the TWC by trial de novo to determine whether the decision is supported by substantial evidence. *See* TEX. LAB. CODE ANN. § 61.062. Under the substantial evidence standard of review, the issue is whether the evidence introduced before the trial court shows facts in existence at the time of the TWC decision that reasonably support the award. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). But the trial court makes its determination based on the evidence presented at trial, rather than the evidence presented at the TWC hearing. *Harris Cty. Appraisal Dist.*, 519 S.W.3d at 118; *Direct Commc'ns, Inc. v. Lunsford*, 906 S.W.2d 537, 541 (Tex. App.—Dallas 1995, no writ). The evidence heard at the TWC hearing is not per se admissible in the trial de novo, but it may be considered by the trial court if properly introduced. *Direct Commc'ns, Inc.*, 906 S.W.2d at 540. "Although the de novo standard of review prohibits the trial court from simply reviewing the agency's record to determine if the agency's decision is supported by substantial evidence, individual items from the agency's record may be introduced independently before the trial court as part of its de novo review." *JMJ Acquisitions Mgmt., LLC v. Peterson*, 407 S.W.3d 371, 375 (Tex. App.—Dallas 2013, no pet.). Applying that standard, Torres is permitted to engage in discovery, and the trial court did not abuse its discretion by disregarding POE's contrary arguments.

POE also argues in this proceeding that the discovery ordered is too broad because it relates to the employment status of workers other than Torres and is, therefore, irrelevant to the question of whether TWC properly determined that Torres was an independent contractor. POE failed to preserve this complaint for review. Although POE argued generally below that the discovery was irrelevant to whether substantial evidence supported the determination that Torres was an independent contractor, POE did not clearly and specifically argue in the trial court, as POE does here, that information regarding classification of other employees is insufficient to support Torres' classification arguments. POE's counsel touched on this argument at the January 18, 2018 hearing

before the associate judge, arguing that the requests for production seek information about other employees that "has nothing to do with Ms. Torres" and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. POE also made this argument generally in its response to the motion for contempt, stating that the scope of discovery is limited to whether there is substantial evidence to support the TWC determination, the discovery requests seek information irrelevant to whether Torres was an independent contractor, and POE fully complied with the court's verbal rulings at the April 19 hearing and produced all responsive documents.

But POE did not assert the lack-of-relevance arguments in the trial court with the same specificity as it presents those arguments to this Court. For example, POE's objections to the requests for production are general, form objections and do not explain how the requests are overly broad or why the requests fail "to contain reasonable subject-matter, temporal, and geographic limitations." Similarly, POE did not explain in its motion to reconsider the associate judge's first order why the requests seek irrelevant information. POE's response to Torres' second answer reiterates that the issue to be determined is whether there is substantial evidence to support the TWC decision and avers that the requests for production "have nothing to do with the extremely narrow issue before the Court–whether the TWC properly determined Plaintiff was an independent contractor rather than an employee." POE did not, however, explain specifically that the requests seek irrelevant information because they relate to workers other than Torres and, as such, cannot support Torres' arguments regarding her individual employment status.

By not specifically raising the argument before the trial court, POE failed to preserve the complaint for review. *See* TEX. R. APP. P. 33.1(a)(1)(A)(party presenting complaint for appellate review must have made complaint to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint). Further, the argument relators

–7–

did assert – that the record is limited to what was presented to the TWC – is legally incorrect.  On this record, we conclude the trial court did not abuse its discretion by overruling POE's objections to the discovery requests.

**B.      Contempt Finding**

The trial court held POE in contempt for violating the discovery order as to request for production number 1, ordered discovery produced by noon on June 8, 2018, and sanctioned POE's attorneys to 25 hours of community service for every minute the production is late.  POE argues the contempt order should be vacated because (1) the court did not issue a show cause order before the hearing, and (2) Torres presented no evidence at the hearing to support a contempt finding. We address each argument in turn.

First, the mandamus record includes a May 30, 2018 show cause order, and POE has not submitted any record evidence showing that POE was not served with the show cause order. Moreover, POE did not object below to the lack of a show cause order. An objection on that basis is, therefore, waived.  TEX. R. APP. P. 33.1(a)(1); *Karagounis v. Prop. Co. of Am.*, 970 S.W.2d 761, 766 (Tex. App.—Amarillo 1998, pet. denied) (finding that appellant's failure to object to lack of notice of sanctions hearing waived claim on appeal).

Further, the motion for contempt combined with the show cause order provided POE with the notice required to satisfy due process.  "Due process of law demands that before a Court can punish for a contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how and by what means the defendant has been guilty of the alleged contempt." *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex. 1969).  A contempt judgment rendered without such notification is a nullity.  *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979).  A contemnor has sufficient notice when the motion for contempt and the show cause order clearly show the

–8–

contemptuous acts the relator is accused of engaging in. *Ex parte Gray*, 654 S.W.2d 68, 70 (Tex. App.—Eastland 1983, orig. proceeding) (show cause order and motion for contempt provided sufficient notice where order stated the hearing was to determine whether party should be held in contempt for disobedience of a court order "as alleged in the foregoing Motion for Contempt").

Here, the show cause order references the motion for contempt and states that the show cause hearing would be held on that motion. The motion for contempt sets out in detail Torres' contempt allegations against POE. The show cause order combined with the motion for contempt provided POE with sufficient notice of the alleged contemptuous conduct. Under this record, relator has not established that the contempt order must be vacated based on lack of notice.

The contempt order cannot stand and must be vacated, however, because Torres presented no evidence showing that POE failed to comply with the April 19 verbal rulings or the May 8 written order. POE presented the affidavit of Diaz to support POE's contention that POE complied with the discovery order and produced all responsive documents. Her affidavit states that she "reviewed the records for Pursuit of Excellence, Inc [sic] and Pursuit of Excellence-Texas, LLC for the time June 30, 2013- June 30, 2016. All responsive documents have been supplied." Further, in its second supplemental response to the requests for production, POE answered request number 1 as to the 16 individuals ordered by the trial court at the April 19 hearing, and stated for each individual whether there were responsive documents for that individual and attached responsive documents not previously produced.

The trial court found POE in contempt as to request for production number 1 because of the court's assessment that POE was "playing games" by not producing tax records in the face of language in the order that tax records "may be responsive" and "may satisfy" the request. At a hearing on a motion for contempt, the movant first has the burden of introducing evidence that the respondent did not comply with the terms of the order sought to be enforced. This makes out a

prima facie case of contempt. *Ex parte McIntyre*, 730 S.W.2d 411, 417 (Tex. App.—San Antonio 1987, no writ). Torres presented no evidence, however, that POE withheld tax records or failed to comply with the April 19 verbal rulings or May 8 order. As such, Torres did not establish a prima facie case of contempt. The trial court, therefore, abused its discretion by holding POE in contempt. We conditionally grant the writ on this basis and direct the trial court to vacate the contempt finding.

## C. Attorney Sanctions

Finally, POE seeks a writ of mandamus directing the trial court to vacate the community service order against POE's attorneys. POE argues there was no evidence that its attorneys engaged in wrongdoing and, therefore, the trial court abused its discretion by sanctioning the attorneys. We agree. Nothing in the record showed misconduct by POE's attorneys. Although the trial judge believed POE was "playing games" by not producing tax records, nothing in the record shows that any documents were withheld.

POE also argues that the sanctions order should be vacated because Torres did not seek contempt or other relief against POE's attorneys. We agree. Torres did not specifically seek sanctions, a contempt finding, or other relief against POE's attorneys in her motion for contempt. POE's attorneys, therefore, were not given proper notice that they could be held in contempt. As such, the contempt penalty against the attorneys is void and should be vacated. *See Ex parte Pink*, 645 S.W.2d 262, 265 (Tex. Crim. App. 1982) (contempt order against attorney void where show cause order did not alert attorney that charges were against him); *see also In re Acceptance Ins. Co.*, 33 S.W.3d 443, 448–49 (Tex. App.—Fort Worth 2000, no pet.) (contempt order is a nullity if notice of contempt allegations not served on contemnor).

**Conclusion**

Under this record, we conclude that POE is entitled to some of the relief requested. Accordingly, we conditionally grant the writ as to the contempt finding and sanctions order because Torres presented no evidence that POE failed to comply with the April 19 and May 8 discovery orders and POE's attorneys received no notice that sanctions for contempt were being sought against them. We deny the petition, however, as to the discovery order. We direct the district court to issue written rulings within ten days of the date of this opinion that vacate the district court judge's June 5, 2018 verbal rulings granting Torres' motion for contempt and sanctioning POE and its counsel. Should the district court fail to comply, the writ will issue.

/Lana Myers/
LANA MYERS
JUSTICE

180672F.P05