**Donnie J. POTTS, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION
and Abco, Inc., Appellees.**

No. 05–92–02556–CV.

Court of Appeals of Texas,
Dallas.

Sept. 13, 1994.

---

3. *See* discussion under point of error one.

Roger L. Gette and Kara M. Stein, Legal Services of North Texas, Dallas, for appellant.

Bill Kimbrough, Asst. Atty. Gen., Austin, for Texas Employment Com'n.

Dan Hartsfield and Lori M. McNally, Gardere & Wynne, Dallas, for Abco, Inc.

Before BAKER, MALONEY and WHITTINGTON, JJ.

## OPINION

MALONEY, Justice.

This is a summary judgment case. Donnie J. Potts appealed the Texas Employment Commission's (TEC)[1] denial of his unemployment benefits by filing suit in district court. All parties moved for summary judgment. The trial court granted summary judgment for TEC and ABCO, Inc. In a single point of error, Potts argues that the trial court erred in granting appellees' summary judgment motion because TEC's find-

---

1. "TEC" as used in this opinion refers to the administrative agency as a whole, not the three individuals who form the Texas Employment Commission. See Tex.Rev.Civ.Stat.Ann. art. 5221b–8(a) (Vernon 1987).

ings of fact did not support TEC's decision. We affirm the trial court's judgment.

## STATEMENT OF FACTS

ABCO employed Potts as a warehouseman from January 1990 until May 2, 1991. Potts was an at-will employee.

ABCO adopted written requisition procedures to insure orderly work. The procedures required specific paper-work as well as certain checks and double checks to insure that its employees properly filled all requisitions. ABCO discharged Potts for repeatedly not following the procedures and for mis-filing requisitions.

ABCO's discipline policy required that it give warnings to employees who violated the written procedures. On July 23, 1990, ABCO orally warned Potts about his misfiling of a requisition. ABCO did not warn Potts again until March 21, 1991 when it gave him a written warning for misfiling another requisition. On April 3, 1991, ABCO suspended Potts for three days for misfiling another requisition. When Potts misfiled another requisition and pulled the wrong materials from the warehouse on May 2, 1991, ABCO discharged him. Potts's mistakes caused ABCO to incur overtime expenses.

## PROCEDURAL BACKGROUND

Potts applied for unemployment benefits on May 15, 1991. TEC initially allowed Potts's claim because he told TEC's investigator that ABCO never warned him he would lose his job if he accidently pulled the wrong materials from its warehouse.

ABCO appealed TEC's initial determination to TEC's Appeal Tribunal (the Tribunal). The Tribunal conducted an evidentiary administrative hearing. Potts represented

himself at the hearing. Ray Banks, ABCO's vice president of manufacturing, represented ABCO. The Tribunal disallowed Potts's claim for benefits.

Potts appealed the Tribunal's determination to the Commission.[2] The Commission affirmed the Tribunal's denial of benefits. Potts filed a motion for rehearing. The Commission denied it.

## POINT OF ERROR

Potts maintains that this Court and the trial court are bound by TEC's findings of fact. He contends that we must consider TEC as the primary factfinding body and that we may not substitute our judgment for that of TEC on controverted fact issues. Potts asserts that TEC's findings of fact do not support the denial of his unemployment benefits. He argues that the alleged wrongful conduct does not qualify as "misconduct" as defined by the unemployment compensation statute. *See* TEX.REV.CIV.STAT.ANN. art. 5221b–17(q) (Vernon 1987).

TEC and ABCO respond that this Court and the trial court do not review TEC's findings of fact. Rather, the reviewing courts must determine whether there was substantial evidence to support TEC's determination to deny Potts benefits.

### 1. District Court

#### a. Applicable Law

■ The trial court reviews a TEC decision by trial de novo. TEX.REV.CIV.STAT.ANN. art. 5221b–4(i) (Vernon Supp.1993). It determines whether TEC's decision is supported by substantial evidence. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex.1986). Reviewing courts are not bound by, nor do they review,

2. The Commission as used in this opinion refers to the three Gubernatorial appointees to the Texas Employment Commission. TEX.REV.CIV.STAT. ANN. art. 5221b–8 (Vernon 1987).

The statutory procedure for unemployment claims is as follows. An unemployed individual files a claim with the TEC. The TEC notifies the individual's previous employer of the claim. TEX. REV.CIV.STAT.ANN. art. 5221b–4(b) (Vernon Supp. 1993). If the employer provides adverse information to the TEC, an examiner initially determines whether the claimant qualifies for benefits.

*Id.* TEC notifies both the claimant and the employer of the examiner's initial determination. *Id.*

A dissatisfied claimant or employer may appeal the determination to an appeal tribunal. TEX.REV. CIV.STAT.ANN. art. 5221b–4(c) & (d) (Vernon 1987 & Supp.1993). The appeal tribunal consists of a salaried examiner. *Id.* Either the claimant or employer may appeal the tribunal's decision to the Commission. TEX.REV.CIV.STAT.ANN. art. 5221b–4(e) (Vernon 1987).

TEC's findings of fact. *See* TEX.REV.CIV. STAT.ANN. art. 5221b–4(i) (Vernon Supp. 1993). The trial court rules on the evidence admitted at the trial de novo—not the evidence presented at the TEC hearing. *Nuernberg v. Texas Employment Comm'n,* 858 S.W.2d 364, 365 (1993); *Mercer,* 701 S.W.2d at 831; *Haas v. Texas Employment Comm'n,* 683 S.W.2d 462, 464 (Tex.App.— Dallas 1984, no writ). The appellate court reviews the trial court's judgment.

 The burden is on the party challenging a TEC ruling to show that the ruling is not supported by substantial evidence. *Mercer,* 701 S.W.2d at 831. It is for the reviewing court "to decide whether the evidence is such that reasonable minds could not have reached the conclusion the administrative body must have reached in order to justify its actions." *Haas,* 683 S.W.2d at 464.

### b. Application of Law to Facts

Potts relies on *Mercer v. Ross,* 701 S.W.2d 830 (Tex.1986); *Olivarez v. Aluminum Corp. of America,* 693 S.W.2d 931 (Tex.1985); *Firemen's & Policemen's Civil Service Commission v. Brinkmeyer,* 662 S.W.2d 953 (Tex. 1984); and *Arrellano v. Texas Employment Commission,* 810 S.W.2d 767 (Tex.App.—San Antonio 1991, writ denied), to support his argument that the reviewing courts determine only whether TEC's findings of fact are supported by substantial evidence. Each of these cases confirm that the proper inquiry is whether there is substantial evidence to support the agency's ruling or order.[3]

We review TEC's decision against the evidence presented to the trial court and the governing law. Any review of TEC's findings of fact would be inconsistent with the statutorily required de novo review.

### 2. Summary Judgment

 When we review a trial court's granting of summary judgment, we apply the standards mandated by the Texas Supreme Court. They are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant.

3. We indulge in every reasonable inference and resolve any doubts in the non-movant's favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

 The rule provides a method of summarily ending a case that involves only a question of law and no genuine fact issues. It does not provide for trial by deposition or affidavit. *See Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The trial court determines if any fact issues exist; it does not evaluate the evidence and decide the case on affidavits. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership,* 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991). The summary judgment rule eliminates a patently unmeritorious claim or an untenable defense. It is not meant to deprive litigants of a full hearing on the merits of any real issue of fact. TEX.R.CIV.P. 166a(c); *see Gulbenkian,* 151 Tex. at 416, 252 S.W.2d at 931.

### a. Applicable Law

 Individuals discharged from their last employment for misconduct connected with that employment do not qualify for unemployment benefits. TEX.REV.CIV.STAT.

---

3. *Arrellano* specifically holds that the *Mercer* standard is the correct standard. *Arrellano,* 810 S.W.2d at 769. *Mercer* held that the standard of review is "substantial evidence to support the *ruling* of the agency." *Mercer,* 701 S.W.2d at 831 (emphasis added).

 *Olivarez* affirmed the requirements for review of agency *rulings* by citing *Brinkmeyer. Olivarez,* 693 S.W.2d at 932. The *Brinkmeyer* court held

that when substantial evidence existed to "support either affirmative or negative findings[,] the *administrative order* must stand." *Brinkmeyer,* 662 S.W.2d at 956 (emphasis added). The *Brinkmeyer* decision reminded the reviewing courts not to substitute their judgment for that of the factfinder under the controverting *evidence* presented if substantial evidence supports the agency's ruling.

ANN. art. 5221b–3(b) (Vernon Supp.1993). The statute defines "misconduct" as:

mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure orderly work and the safety of employees, but does not include an act of misconduct that is in response to an unconscionable act of an employer or superior.

TEX.REV.CIV.STAT.ANN. art. 5221b–17(q) (Vernon 1987). Repeated acts of carelessness coupled with intermittent periods of proper performance can be misconduct. *See Texas Employment Comm'n v. Tates*, 769 S.W.2d 290, 292–93 (Tex.App.—Amarillo 1989, no writ).

### b. Application of Law to Facts

We determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support TEC's decision. TEC's actual decision was not part of the summary judgment record. TEC and ABCO included the Tribunal's decision in their summary judgment evidence. Potts introduced the preliminary "Determination of Claimant's Benefit Rights" (the Determination).[4] The record before us indicates that either the Commission adopted the findings and ruling of the Tribunal or the Commission's findings and ruling did not differ from the Tribunal's ruling.

The Tribunal's decision sets forth its basis for denying Potts benefits in broad language. Its decision provides that:

The claimant was discharged for failing to follow procedures when pulling binders to ensure that the correct binders were pulled.... The claimant failed to use a reasonable degree of care in the performance of his duties when he failed to pull the correct binders and subsequently failed to have the individual receiving the binders verify that the correct binders were provided to him. The claimant's failure to use a reasonable degree of care in the performance of his work constitutes negligence

which places in jeopardy the property of others and misconduct connected with the work, he is subject to disqualification from benefits under Section 5(b) of the Act.

This decision concludes that Potts engaged in mismanagement and/or neglect that placed in jeopardy the property of others.

ABCO counseled Potts at least three times about his poor job performance in misfiling orders and following procedures. After each counseling session, Potts's performance would improve for a period of time before he would return to an unacceptable level of performance. The trial court correctly found substantial evidence existed to support TEC's denial of benefits for mismanagement. *See Tates*, 769 S.W.2d at 292–93.

Potts did not follow simple, written procedures for filling requisitions. He did not always have the recipient of the requisitioned materials, check the materials delivered and complete the necessary documentation—purely mechanical, administrative tasks. That Potts would follow procedures for some time after a reprimand showed he could do the work and was aware of its requirements. His repeated failure to follow the procedures evidences neglect. Potts's neglect endangered ABCO's property. ABCO suffered property loss because it incurred extra expenses correcting Potts's negligent acts.

TEC and ABCO established that there was substantial evidence to support TEC's decision as a matter of law. Potts's summary judgment evidence did not raise a genuine issue of material fact. The trial court was correct in granting summary judgment for TEC and ABCO and denying summary judgment to Potts. We overrule Potts's point of error.

We affirm the trial court's summary judgment.

---

4. Because the Tribunal reversed the Determination at its evidentiary hearing, the Determination had no evidentiary value in the summary judgment and has no relevance to this appeal.