COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-127-CV

 

 

PAMELA R. JIMISON                                                                         APPELLANT

 

                                                             V.

 

TEXAS
WORKFORCE 

COMMISSION AND 

PROFESSIONAL 

CARETAKERS, INC.                                                                          APPELLEES

 

                                                       ------------

 

              FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








This is an appeal involving the
denial of unemployment benefits.  Appellant Pamela R. Jimison,
proceeding pro se both in the trial court and on appeal, appeals the summary
judgment granted in favor of Appellee Professional Caretakers, Inc. (PCI) and
the judgment affirming the decision of Appellee Texas Workforce Commission
(TWC) signed after a trial on the merits between Jimison and TWC.  In three issues, Jimison argues that the
trial court erred by depriving her of a full hearing on the merits when it
denied her motion for continuance, that the trial court erred by granting PCI=s motion for summary judgment, and
that PCI=s actions were an abuse of
authority.  We will affirm.

II.  Factual
and Procedural Background

PCI is a licensed home health care
agency that provides on-call home health care, senior care, elder care, case
management, personal assistance, and sitter and companion services.  Jimison worked for PCI as an in-home health
care giver from August 2006 to January 2007. 
In January 2007, PCI terminated Jimison for violating five of PCI=s behavior policies, stemming from
Jimison=s acceptance of direct payments from
a client for whom she was providing health care services.

Approximately three months later,
Jimison filed for unemployment benefits with TWC.  TWC denied Jimison unemployment benefits
based on its finding that she was fired from her job for violating company
rules and policies.  Jimison appealed the denial of unemployment
benefits and received a telephone hearing with the Appeal Tribunal; the Appeal
Tribunal upheld the decision to deny her unemployment benefits.  Jimison appealed that decision to the
Commission Appeals, which adopted the findings of fact and conclusions of law
of the Appeal Tribunal and also affirmed the decision to deny her unemployment
benefits.  Jimison then filed suit in
Tarrant County District Court against TWC and PCI.








After both TWC and PCI answered, PCI
filed a motion for summary judgment, which the trial court granted.  Jimison filed a motion for rehearing of PCI=s motion for summary judgment; the
trial court held a hearing on Jimison=s motion and denied it.[2]

The trial court thereafter held a
trial on the merits of Jimison=s still-pending claim challenging TWC=s decision to deny her unemployment
benefits; the trial court determined that substantial evidence supported TWC=s administrative decision and
affirmed the administrative decision. 
This appeal followed.

III.  Trial
Court Did Not Err By Denying Jimison=s Motion for
Continuance

In her first issue, Jimison appears
to argue that the trial court should have granted her oral motion for
continuance of the summary judgment hearing. 
She argues that the trial court erred by depriving her of a full hearing
on the merits on Aany real issue of fact@ and that Adue to her inexperience in the law
and civil procedures, she has never been given a full hearing on the merits.@








Initially, we note that although we
may read the language of pro se documents broadly, we do not apply lesser
standards for the benefit of pro se litigants. 
See Tex. R. App. P. 38.9; White v. Cole, 880 S.W.2d 292,
294 (Tex. App.CBeaumont 1994, writ denied).  Pro se litigants are held to the same
standards as licensed attorneys; they must comply with all applicable rules of
procedure.  Clemens v. Allen, 47
S.W.3d 26, 28 (Tex. App.CAmarillo 2000, no pet.); Chandler
v. Chandler, 991 S.W.2d 367, 378B79 (Tex. App.CEl Paso 1999, pet. denied), cert.
denied, 529 U.S. 1054 (2000).

We review a trial court=s ruling on a motion for continuance
for an abuse of discretion.  See BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002).  We do not substitute our judgment for that of
the trial court.  In re Nitla S.A. de C.V., 92 S.W.3d 419, 422
(Tex. 2002) (orig. proceeding).  Instead,
we must determine whether the trial court=s action was so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.  Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).  The test is whether the trial court acted
without reference to guiding rules or principles.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004).

A motion for continuance shall not be
granted except for sufficient cause supported by an affidavit, consent of the
parties, or by operation of law.  See
Tex. R. Civ. P. 251.  If a motion for
continuance is not made in writing and verified, it will be presumed that the
trial court did not abuse its discretion by denying the motion.  See Villegas v. Carter, 711 S.W.2d
624, 626 (Tex. 1986); In re E.L.T., 93 S.W.3d 372, 375 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Favaloro
v. Comm'n for Lawyer Discipline, 13 S.W.3d 831, 838 (Tex. App.CDallas 2000, no pet.).








Here, Jimison appeared at the hearing
scheduled on PCI=s motion for summary judgment and
made an oral motion for continuance.  The
next day, Jimison filed a response to PCI=s motion for summary judgment.  The trial court subsequently signed an order
denying Jimison=s motion for continuance and signed a
summary judgment for PCI.  Jiminson filed
two motions for rehearing of the trial court=s summary judgment, the trial court held a hearing on Jimison=s motions, and the trial court denied
each motion.

The record reflects that Jimison made
only an oral motion for continuance and that it was not supported by an
affidavit or consent of the parties. 
Accordingly, we cannot say that the trial court abused its discretion by
denying Jimison=s motion for continuance.  Villegas, 711 S.W.2d at 626; see
also E.L.T., 93 S.W.3d at 375 (holding that trial court did not abuse its
discretion by denying oral motion for continuance); Khadem v. Norwest Bank
Tex., No. 04-99-00026-CV, 1999 WL 692668, at *1 (Tex. App.CSan Antonio Sept. 8, 1999, no pet.)
(holding that trial court did not abuse its discretion by denying pro se
litigant=s oral motion for continuance because
he had initiated the proceedings and filed all pleadings pro se).  We therefore overrule Jimison=s first issue.

IV.  Trial
Court Did Not Err By Granting Summary Judgment for PCI

In her second issue, Jimison argues
that the trial court erred by granting PCI=s motion for summary judgment because substantial evidence
does not exist that her actions constituted misconduct.  PCI moved for summary judgment on the ground
that TWC had correctly determined, and the summary judgment evidence
conclusively established, that PCI terminated Jimison=s employment for misconductCspecifically accepting money from a
client in violation of PCI=s policies.








Trial courts review the TWC=s denial of benefits in a trial de
novo based on the substantial evidence rule. 
Tex. Lab. Code Ann. ' 212.202 (Vernon 2006).  Under this hybrid standard of review, the
trial court must determine whether there is substantial evidence to support the
ruling of the agency by examining the evidence presented in trial, not the
record created by the agency.  Mercer
v. Ross, 701 S.W.2d 830, 831 (Tex. 1986). 
Whether the TWC=s decision was supported by
substantial evidence is a question of law.  Arrellano v. Tex.
Employment Comm'n, 810 S.W.2d 767, 770 (Tex. App.CSan Antonio 1991, writ denied).[3]  The TWC=s decision carries a presumption of validity, and the party
seeking to set aside the agency=s decision has the burden of showing
that it was not supported by substantial evidence.  See City of San Antonio v. Tex. Water Comm'n,
407 S.W.2d 752, 758 (Tex. 1966).








Trial courts may grant summary
judgments in cases tried under the substantial evidence rule.  Cruz v. City of San Antonio, 424
S.W.2d 45, 47 (Tex. Civ. App.CSan Antonio 1968, no writ).  Movants must show that there is no genuine
issue of material fact and that they are entitled to judgment as a matter of
law; we accept as true evidence favorable to the nonmovant and indulge in every
reasonable inference and resolve any doubts in the nonmovant=s favor.  Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548B49 (Tex. 1985).

We review the trial court=s judgment by comparing the TWC=s decision with the evidence
presented to the trial court and the governing law.  Potts v. Tex. Employment Comm'n, 884
S.W.2d 879, 882 (Tex. App.CDallas 1994, no writ).  We determine whether the summary judgment
evidence established as a matter of law that substantial evidence existed to
support the TWC=s decision.  Id. at 883.  When the trial court does not specify the
basis for a summary judgment, the appealing party must show it is error to base
the summary judgment on any ground asserted in the summary judgment
motion.  See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473
(Tex. 1995).

By law, an individual is disqualified
for unemployment benefits if the individual was discharged for misconduct
connected with the individual=s last work.  Tex. Lab. Code Ann. ' 207.044(a) (Vernon 2006).  AMisconduct@ is defined in the labor code as
follows:

mismanagement of a
position of employment by action or inaction, neglect that jeopardizes the life
or property of another, intentional wrongdoing or malfeasance, intentional
violation of a law, or violation of a policy or rule adopted to ensure the
orderly work and the safety of employees.

 








Id.
' 201.012(a).  An employer is not required to prove intent
with respect to misconduct arising from the violation of a company policy or
rule.  See Mercer, 701 S.W.2d at
831; Lairson v. Tex. Employment Comm=n,
742 S.W.2d 99, 101 (Tex. App.CFort Worth 1987, no writ).

The summary judgment evidence
presented to the trial court at the summary judgment hearing consisted solely
of the documents attached to PCI=s motion for summary judgment.  Those documents included a AWork Separation Details@ form; the affidavit of Deonnah Tate,
PCI=s administrator/director of nursing;
PCI=s APolicy & Procedures for Caretakers and New Employees@; Jimison=s answers to PCI=s requests for admissions; copies of
three checks from the client to Jimison; a APCI Notes Report,@ stating that Jimison should not cash the client=s check until she heard back from
PCI; the affidavit of Deborah Parker, PCI=s scheduler; a APCI Notes Report,@ telling Jimison that she could not accept money from a
client; a APCI Notes Report,@ stating that Jimison had been
terminated because she admitted cashing a check from the client; Jimison=s application for unemployment
benefits, stating that she was fired Abecause I had violated 5 of there [sic] policies and
procedures@; and the TWC=s decision and documents filed with
TWC by Jimison.

PCI=s policies state, 

Do not accept gifts, tips or personal belongings directly
from the client.  If the client wants to
give you something, tell them to contact the office.  This policy is to protect you, the client and
the Company.  If you are offered anything
you must notify the office immediately. 
Unreported gifts are grounds for immediate TERMINATION.  After approving it with the family, we will
forward you the gift. 








The notes reflect that Jimison reported at least two of the
checks that she received from the client and explained that she was doing Aextra work@ for the client.  After Jimison explained that the Aextra work@ included cleaning up for the client
and other tasks, she was told that such tasks were part of the duties that she
was required to provide for the client and was told not to accept money from
the client.  Jimison thereafter admitted
in her answers to PCI=s requests for admission that she
cashed two checks from the client for $200 each and one check from the client
for $240.  Jimison argued during her
appeal of the denial of her unemployment benefits that she was never told not
to cash the checks.








Based on the record before us, we
hold that the trial court did not err by concluding, as a matter of law, that
reasonable minds could not have reached a different conclusion than that
reached by TWCCthat Jimison had violated PCI=s policies by accepting money from a
client.  See Goettman v. Tex.
Workforce Comm=n, No. 02-02-00073-CV, 2003 WL 1090521, at *4 (Tex.
App.CFort Worth Mar. 13, 2003, no pet.)
(mem. op.) (holding that trial court did not err by upholding TWC=s decision that former employee had
violated employer=s policy against sexual
harassment).  As a matter of law,
substantial evidence exists supporting the TWC=s conclusion that Jimison committed misconduct in connection
with her last work at PCI; in fact, the summary judgment evidence conclusively
establishes this fact.  See Tex.
Lab. Code Ann. ' 201.012(a); Anderson v. Tex.
Workforce Comm=n, No. 05-02-01595-CV, 2003 WL 21350082, at *2 (Tex.
App.CDallas June 5, 2003, pet. denied)
(mem. op.) (holding that evidence of misconduct was clear when former employee
altered authorization, which was a failure to follow direct orders and
constituted an act of insubordination); Goettman, 2003 WL 1090521, at *4
(holding that former employee committed misconduct by violating employer=s policy against sexual
harassment).  Accordingly, the trial
court did not err by granting summary judgment for PCI.  We overrule Jimison=s second issue.

V.  No Evidence
That PCI Abused Its Authority








In her third issue, Jimison argues
that PCI abused its authority. 
Specifically, Jimison argues that PCI is Afraudulently avoiding payments of benefits,@ that it Apresented tainted evidence to TWC,@ that it Aintentionally and knowingly falsified
facts,@ and that it Aviolated the rights of [its] client.@ 
Appellate briefs must contain appropriate citations to the record.  See Tex. R. App. P. 38.1(i).  Jimison=s brief does not cite any portion of the record to support
her broad, sweeping statements that PCI has abused its authority.  We are not obligated to search the record in
an effort to verify Jimison=s assertions.  See LaChalet Int'l, Inc. v. Nowik, 787
S.W.2d 101, 107 (Tex. App.CDallas 1990, no writ).  And bare assertions of error without proper
citation to the record waive error.  See
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994) (appellate court has discretion to waive point of error due to inadequate
briefing); Devine v. Dallas County, 130 S.W.3d 512, 514 (Tex. App.CDallas 2004, no pet.) (holding that
when a party fails to adequately brief a complaint, he waives the issue on
appeal). Because Jimison=s global allegations of abuse of
authority are not supported by record references and because we have located
nothing in the record to support Jimison=s allegations, we overrule Jimison=s third issue.

VI.  Conclusion

Having overruled Jimison=s three issues, we affirm the trial
court=s judgments in favor of PCI and TWC.

 

SUE
WALKER

JUSTICE

 

PANEL: WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED: March
11, 2010











[1]See Tex. R.
App. P. 47.4.





[2]Jimison attempted to appeal the trial court=s
summary judgment for PCI, but this court dismissed that appeal for want of
jurisdiction because the summary judgment was interlocutory.





[3]The Texas Employment Commission (ATEC@) became
the TWC in 1995.  See Act of May
26, 1995, 74th Leg ., R.S., ch. 655, ' 11.75, 1995 Tex. Gen. Laws 3543, 3621B22.  Accordingly, cases involving TEC are
informative in cases involving the TWC.