

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-127-CV

PAMELA R. JIMISON                                                    APPELLANT

V.

TEXAS WORKFORCE
COMMISSION AND
PROFESSIONAL
CARETAKERS, INC.                                                    APPELLEES

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This is an appeal involving the denial of unemployment benefits. Appellant

Pamela R. Jimison, proceeding pro se both in the trial court and on appeal, appeals

the summary judgment granted in favor of Appellee Professional Caretakers, Inc.

(PCI) and the judgment affirming the decision of Appellee Texas Workforce

---

[1] *See* Tex. R. App. P. 47.4.

Commission (TWC) signed after a trial on the merits between Jimison and TWC. In three issues, Jimison argues that the trial court erred by depriving her of a full hearing on the merits when it denied her motion for continuance, that the trial court erred by granting PCI's motion for summary judgment, and that PCI's actions were an abuse of authority. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

PCI is a licensed home health care agency that provides on-call home health care, senior care, elder care, case management, personal assistance, and sitter and companion services. Jimison worked for PCI as an in-home health care giver from August 2006 to January 2007. In January 2007, PCI terminated Jimison for violating five of PCI's behavior policies, stemming from Jimison's acceptance of direct payments from a client for whom she was providing health care services.

Approximately three months later, Jimison filed for unemployment benefits with TWC. TWC denied Jimison unemployment benefits based on its finding that she was fired from her job for violating company rules and policies. Jimison appealed the denial of unemployment benefits and received a telephone hearing with the Appeal Tribunal; the Appeal Tribunal upheld the decision to deny her unemployment benefits. Jimison appealed that decision to the Commission Appeals, which adopted the findings of fact and conclusions of law of the Appeal Tribunal and also affirmed the decision to deny her unemployment benefits. Jimison then filed suit in Tarrant County District Court against TWC and PCI.

After both TWC and PCI answered, PCI filed a motion for summary judgment, which the trial court granted. Jimison filed a motion for rehearing of PCI's motion for summary judgment; the trial court held a hearing on Jimison's motion and denied it.[2]

The trial court thereafter held a trial on the merits of Jimison's still-pending claim challenging TWC's decision to deny her unemployment benefits; the trial court determined that substantial evidence supported TWC's administrative decision and affirmed the administrative decision. This appeal followed.

## III. TRIAL COURT DID NOT ERR BY DENYING JIMISON'S MOTION FOR CONTINUANCE

In her first issue, Jimison appears to argue that the trial court should have granted her oral motion for continuance of the summary judgment hearing. She argues that the trial court erred by depriving her of a full hearing on the merits on "any real issue of fact" and that "due to her inexperience in the law and civil procedures, she has never been given a full hearing on the merits."

Initially, we note that although we may read the language of pro se documents broadly, we do not apply lesser standards for the benefit of pro se litigants. *See* Tex. R. App. P. 38.9; *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied). Pro se litigants are held to the same standards as licensed attorneys; they must comply with all applicable rules of procedure. *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.); *Chandler v. Chandler*, 991

---

[2] Jimison attempted to appeal the trial court's summary judgment for PCI, but this court dismissed that appeal for want of jurisdiction because the summary judgment was interlocutory.

S.W.2d 367, 378–79 (Tex. App.—El Paso 1999, pet. denied), *cert. denied*, 529 U.S. 1054 (2000).

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex. 2004).

A motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law. *See* Tex. R. Civ. P. 251. If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion by denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re E.L.T.*, 93 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 838 (Tex. App.—Dallas 2000, no pet.).

Here, Jimison appeared at the hearing scheduled on PCI's motion for summary judgment and made an oral motion for continuance. The next day, Jimison filed a response to PCI's motion for summary judgment. The trial court subsequently

4

signed an order denying Jimison's motion for continuance and signed a summary judgment for PCI. Jiminson filed two motions for rehearing of the trial court's summary judgment, the trial court held a hearing on Jimison's motions, and the trial court denied each motion.

The record reflects that Jimison made only an oral motion for continuance and that it was not supported by an affidavit or consent of the parties. Accordingly, we cannot say that the trial court abused its discretion by denying Jimison's motion for continuance. *Villegas,* 711 S.W.2d at 626; *see also E.L.T.*, 93 S.W.3d at 375 (holding that trial court did not abuse its discretion by denying oral motion for continuance); *Khadem v. Norwest Bank Tex.*, No. 04-99-00026-CV, 1999 WL 692668, at *1 (Tex. App.—San Antonio Sept. 8, 1999, no pet.) (holding that trial court did not abuse its discretion by denying pro se litigant's oral motion for continuance because he had initiated the proceedings and filed all pleadings pro se). We therefore overrule Jimison's first issue.

## IV. TRIAL COURT DID NOT ERR BY GRANTING SUMMARY JUDGMENT FOR PCI

In her second issue, Jimison argues that the trial court erred by granting PCI's motion for summary judgment because substantial evidence does not exist that her actions constituted misconduct. PCI moved for summary judgment on the ground that TWC had correctly determined, and the summary judgment evidence conclusively established, that PCI terminated Jimison's employment for misconduct—specifically accepting money from a client in violation of PCI's policies.

5

Trial courts review the TWC's denial of benefits in a trial de novo based on the substantial evidence rule. Tex. Lab. Code Ann. § 212.202 (Vernon 2006). Under this hybrid standard of review, the trial court must determine whether there is substantial evidence to support the ruling of the agency by examining the evidence presented in trial, not the record created by the agency. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986). Whether the TWC's decision was supported by substantial evidence is a question of law. *Arrellano v. Tex. Employment Comm'n,* 810 S.W.2d 767, 770 (Tex. App.—San Antonio 1991, writ denied).[3] The TWC's decision carries a presumption of validity, and the party seeking to set aside the agency's decision has the burden of showing that it was not supported by substantial evidence. *See City of San Antonio v. Tex. Water Comm'n,* 407 S.W.2d 752, 758 (Tex. 1966).

Trial courts may grant summary judgments in cases tried under the substantial evidence rule. *Cruz v. City of San Antonio,* 424 S.W.2d 45, 47 (Tex. Civ. App.—San Antonio 1968, no writ). Movants must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law; we accept as true evidence favorable to the nonmovant and indulge in every reasonable inference

---

[3] The Texas Employment Commission ("TEC") became the TWC in 1995. *See* Act of May 26, 1995, 74th Leg ., R.S., ch. 655, § 11.75, 1995 Tex. Gen. Laws 3543, 3621–22. Accordingly, cases involving TEC are informative in cases involving the TWC.

and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

We review the trial court's judgment by comparing the TWC's decision with the evidence presented to the trial court and the governing law. *Potts v. Tex. Employment Comm'n,* 884 S.W.2d 879, 882 (Tex. App.—Dallas 1994, no writ). We determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support the TWC's decision. *Id.* at 883. When the trial court does not specify the basis for a summary judgment, the appealing party must show it is error to base the summary judgment on any ground asserted in the summary judgment motion. *See Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995).

By law, an individual is disqualified for unemployment benefits if the individual was discharged for misconduct connected with the individual's last work. Tex. Lab. Code Ann. § 207.044(a) (Vernon 2006). "Misconduct" is defined in the labor code as follows:

> mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees.

*Id.* § 201.012(a). An employer is not required to prove intent with respect to misconduct arising from the violation of a company policy or rule. *See Mercer,* 701

7

S.W.2d at 831; *Lairson v. Tex. Employment Comm'n*, 742 S.W.2d 99, 101 (Tex. App.—Fort Worth 1987, no writ).

The summary judgment evidence presented to the trial court at the summary judgment hearing consisted solely of the documents attached to PCI's motion for summary judgment. Those documents included a "Work Separation Details" form; the affidavit of Deonnah Tate, PCI's administrator/director of nursing; PCI's "Policy & Procedures for Caretakers and New Employees"; Jimison's answers to PCI's requests for admissions; copies of three checks from the client to Jimison; a "PCI Notes Report," stating that Jimison should not cash the client's check until she heard back from PCI; the affidavit of Deborah Parker, PCI's scheduler; a "PCI Notes Report," telling Jimison that she could not accept money from a client; a "PCI Notes Report," stating that Jimison had been terminated because she admitted cashing a check from the client; Jimison's application for unemployment benefits, stating that she was fired "because I had violated 5 of there [sic] policies and procedures"; and the TWC's decision and documents filed with TWC by Jimison.

PCI's policies state,

Do not accept gifts, tips or personal belongings directly from the client. If the client wants to give you something, tell them to contact the office. This policy is to protect you, the client and the Company. If you are offered anything you must notify the office immediately. Unreported gifts are grounds for immediate TERMINATION. After approving it with the family, we will forward you the gift.

8

The notes reflect that Jimison reported at least two of the checks that she received from the client and explained that she was doing "extra work" for the client. After Jimison explained that the "extra work" included cleaning up for the client and other tasks, she was told that such tasks were part of the duties that she was required to provide for the client and was told not to accept money from the client. Jimison thereafter admitted in her answers to PCI's requests for admission that she cashed two checks from the client for $200 each and one check from the client for $240. Jimison argued during her appeal of the denial of her unemployment benefits that she was never told not to cash the checks.

Based on the record before us, we hold that the trial court did not err by concluding, as a matter of law, that reasonable minds could not have reached a different conclusion than that reached by TWC—that Jimison had violated PCI's policies by accepting money from a client. *See Goettman v. Tex. Workforce Comm'n*, No. 02-02-00073-CV, 2003 WL 1090521, at *4 (Tex. App.—Fort Worth Mar. 13, 2003, no pet.) (mem. op.) (holding that trial court did not err by upholding TWC's decision that former employee had violated employer's policy against sexual harassment). As a matter of law, substantial evidence exists supporting the TWC's conclusion that Jimison committed misconduct in connection with her last work at PCI; in fact, the summary judgment evidence conclusively establishes this fact. *See* Tex. Lab. Code Ann. § 201.012(a); *Anderson v. Tex. Workforce Comm'n*, No. 05-02-01595-CV, 2003 WL 21350082, at *2 (Tex. App.—Dallas June 5, 2003, pet. denied)

9

(mem. op.) (holding that evidence of misconduct was clear when former employee altered authorization, which was a failure to follow direct orders and constituted an act of insubordination); *Goettman*, 2003 WL 1090521, at *4 (holding that former employee committed misconduct by violating employer's policy against sexual harassment). Accordingly, the trial court did not err by granting summary judgment for PCI. We overrule Jimison's second issue.

### V. NO EVIDENCE THAT PCI ABUSED ITS AUTHORITY

In her third issue, Jimison argues that PCI abused its authority. Specifically, Jimison argues that PCI is "fraudulently avoiding payments of benefits," that it "presented tainted evidence to TWC," that it "intentionally and knowingly falsified facts," and that it "violated the rights of [its] client." Appellate briefs must contain appropriate citations to the record. *See* Tex. R. App. P. 38.1(i). Jimison's brief does not cite any portion of the record to support her broad, sweeping statements that PCI has abused its authority. We are not obligated to search the record in an effort to verify Jimison's assertions. *See LaChalet Int'l, Inc. v. Nowik*, 787 S.W.2d 101, 107 (Tex. App.—Dallas 1990, no writ). And bare assertions of error without proper citation to the record waive error. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing); *Devine v. Dallas County*, 130 S.W.3d 512, 514 (Tex. App.—Dallas 2004, no pet.) (holding that when a party fails to adequately brief a complaint, he waives the issue on appeal). Because Jimison's global allegations

10

of abuse of authority are not supported by record references and because we have located nothing in the record to support Jimison's allegations, we overrule Jimison's third issue.

## VI.  CONCLUSION

Having overruled Jimison's three issues, we affirm the trial court's judgments in favor of PCI and TWC.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: March 11, 2010

11