02-10-419-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00419-CV

 

 


 
 
 Michael M. Blanchard
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Brazos Forest Products, L.P. and Texas Workforce
 Commission
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

 

OPINION

----------

 

I. 
Introduction

          Appellant
Michael M. Blanchard appeals the trial court’s summary judgment in favor of
Appellees Brazos Forest Products, L.P. (Brazos) and Texas Workforce Commission
(TWC).  Blanchard contends in two issues that the trial court erred by granting
summary judgment against him because it applied the wrong summary judgment
standard and made incorrect evidentiary rulings.  We affirm.

II. 
Background

          Blanchard
was employed as a truck driver for Brazos, but Brazos terminated Blanchard’s
employment on June 17, 2008, because he allegedly treated a customer
inappropriately.  Blanchard sought unemployment benefits, but the TWC appeal
tribunal denied his claim.  The TWC affirmed the denial, and Blanchard appealed
to district court.  Brazos and TWC filed a joint motion for summary judgment,
which the trial court granted after overruling most of Blanchard’s objections
to Brazos and TWC’s summary judgment evidence.

          In
support of their joint motion for summary judgment, Brazos and TWC presented
affidavits by Helen Nguyen, Randy Nguyen, Kyle Arterburn, and Daren Schirico. 
Ms. Nguyen stated in her affidavit that Blanchard delivered wood supplies to RD
Shutters, Inc. on June 17, 2008, and that she was familiar with Blanchard from
prior deliveries.  She related that Blanchard typically entered the front
office when he arrived for deliveries so that RD Shutters employees could
assist him, but she said that Blanchard did not do so that day, that he instead
began unloading the wood supplies himself, that he began throwing the supplies
onto the loading dock, and that Blanchard had been rude and disrespectful
during at least one prior delivery.

          Mr.
Nguyen was also employed by RD Shutters on June 17, 2008.  He stated by
affidavit that he was present during Blanchard’s delivery on that date, that he
personally witnessed Blanchard throwing wood supplies onto the loading dock,
that he personally asked Blanchard to stop throwing the supplies and wait until
someone could assist him, but that Blanchard continued throwing the supplies onto
the loading dock.  Mr. Nguyen also stated that he called Brazos after the
incident, complaining of Blanchard’s “rude and destructive behavior” and asking
that Blanchard not make any further deliveries to RD Shutters.

          Arterburn
is Brazos’s human resources manager.  He stated in his affidavit that
Blanchard’s employment with Brazos was terminated on June 17, 2008, after RD
Shutters complained about Blanchard’s conduct during the delivery.  Schirico is
one of Brazos’s assistant general managers.  Shirico stated by affidavit that
he presented Blanchard with a termination notice on June 17, 2008, and informed
Blanchard that he was being fired as a result of the customer complaint.

          Blanchard
filed a written response to Brazos and TWC’s joint motion for summary judgment,
and he asserted objections to Brazos and TWC’s summary judgment evidence and
presented evidence contradicting much of Brazos and TWC’s summary judgment
evidence.  In his affidavit, Blanchard stated that he went into the RD Shutters
office when he arrived for the June 17, 2008 delivery but that no one was
there.  He averred that he then began unloading the wood bundles by sliding
them from the truck to the loading dock and that this was permissible because
he had done so during previous deliveries.  Blanchard further stated that Mr.
Nguyen approached him as he was unloading the last bundle onto the dock and
that Mr. Nguyen was upset with him for not asking RD Shutters workers to assist
with the delivery.  Blanchard said, however, that he explained that there was
no one in the office when he arrived, that he was not rude or disrespectful to
Mr. Nguyen, that he gave Mr. Nguyen the opportunity to inspect the bundles,
that Mr. Nguyen did so, and that Mr. Nguyen signed the delivery invoice without
indicating any damage to the product.  Blanchard further stated that he has a
back problem and is physically unable to throw the wood supplies onto a loading
dock.  Finally, Blanchard denied seeing or having any interaction with Ms.
Nguyen on June 17, 2008.

          Mark
Gilbert testified in his deposition that he was Blanchard’s direct supervisor
at Brazos, that sliding the wood product from the truck onto the loading dock
is a permissible way to unload without damaging the product, and that he
recalled providing Blanchard with a hook to assist him in sliding the wood
product off the bed of a delivery truck.

III. 
Standard of Review

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).

IV. 
Discussion

          Blanchard
contends in his first issue that the trial court erred by granting summary
judgment for Brazos and TWC because he presented evidence raising genuine
issues of material fact.  Specifically, Blanchard argues that the trial court
did not apply the traditional summary judgment standard when granting Brazos
and TWC’s joint motion for summary judgment.  In his second issue, Blanchard
contends that the trial court abused its discretion by overruling his
objections to Brazos and TWC’s summary judgment evidence.

A. 
Summary Judgment

          Brazos
and TWC moved for summary judgment on the ground that Blanchard’s employment
with Brazos was terminated for misconduct as defined by labor code section
201.012, meaning that Blanchard was not entitled to unemployment benefits pursuant
to labor code section 207.044(a).  See Tex. Lab. Code Ann. §§ 201.012(a),
207.044(a) (West 2006).

Blanchard
argues that under the traditional standard for reviewing summary
judgments—requiring the movant to establish entitlement to summary judgment as
a matter of law, taking as true the nonmovant’s evidence, and indulging every
inference in the nonmovant’s favor—he presented evidence creating genuine
issues of material fact.  To resolve Blanchard’s first issue, it is first
necessary to review the nature of an appeal to district court following TWC’s
administrative decision.

          Judicial
review of a TWC determination is by “trial de novo based on the substantial
evidence rule.”  Tex. Lab. Code Ann. § 212.202(a) (West 2006).  The trial court
conducts an evidentiary trial to “determine whether the agency’s ruling is free
of the taint of any illegality and is reasonably supported by substantial
evidence.”  Edwards v. Tex. Emp’t Comm’n, 936 S.W.2d 462, 465 (Tex. App.—Fort
Worth 1996, no writ).  In making this determination, the issue is not whether
TWC made the correct decision; it is instead “whether the evidence introduced
before the trial court shows facts in existence at the time of the [agency’s]
decision that reasonably support the decision,” that is, whether reasonable
minds could have reached the same conclusion.  Collingsworth Gen. Hosp. v.
Hunnicutt, 988 S.W.2d 706, 708 (Tex. 1998); see Edwards, 936 S.W.2d
at 465; see also Tex. Health Facilities Comm’n v. Charter
Med.-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984) (“The true test is not
whether the agency reached the correct conclusion, but whether some reasonable
basis exists in the record for the action taken by the agency.”).  Because
substantial evidence is more than a mere scintilla of evidence but less than a
preponderance of evidence, the evidence may preponderate against the TWC
decision but still amount to substantial evidence.  City of Houston v. Tippy,
991 S.W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.); see also
Tex. Health Facilities Comm’n, 665 S.W.2d at 452.  TWC remains the
primary factfinding body, and the reviewing court may not substitute its
judgment for TWC’s on controverted fact issues; the question before the trial
court is one of law.  Edwards, 936 S.W.2d at 465.

Trial
courts may grant summary judgments in cases tried under the substantial
evidence rule.  Cruz v. City of San Antonio, 424 S.W.2d 45, 47 (Tex. Civ.
App.—San Antonio 1968, no writ); see Jimison v. Tex. Workforce Comm’n,
No. 02-09-00127-CV, 2010 WL 851418, at *3 (Tex. App.—Fort Worth Mar. 11, 2010,
no pet.) (mem. op.).  “Indeed, appeals under substantial evidence review are
uniquely suited to summary judgment because the only issue before the court is
a question of law.”  Arrellano v. Tex. Emp’t Comm’n, 810 S.W.2d 767, 771
(Tex. App.—San Antonio 1991, writ denied).  We review the trial court’s
judgment by comparing the TWC decision with the evidence presented to the trial
court and the governing law.  Potts v. Tex. Emp’t Comm’n, 884 S.W.2d
879, 882 (Tex. App.—Dallas 1994, no writ).  We determine whether the summary
judgment evidence established as a matter of law that substantial evidence
existed to support the TWC decision.  Id. at 883.

Thus,
the trial court in this case was required to accept as true all of Blanchard’s
evidence, indulge every reasonable inference and resolve any doubts in his
favor, and determine whether the summary judgment evidence showed, as a matter
of law, that facts in existence at the time of TWC’s decision reasonably
supported the decision—i.e., whether reasonable minds could have reached the
same conclusion.  See Collingsworth Gen. Hosp., 988 S.W.2d at 708; Edwards,
936 S.W.2d at 465; Jimison, 2010 WL 851418, at *3–4; see also Mann
Frankfort, 289 S.W.3d at 848; 20801, Inc., 249 S.W.3d at 399.

Blanchard’s
contention is essentially that the trial court must have applied the wrong
evidentiary standard because he presented evidence creating genuine issues of
material fact in response to Brazos and TWC’s summary judgment evidence.  But
Blanchard misinterprets the question to be decided by the trial court on
summary judgment.  Rather than determine whether Brazos and TWC proved as a
matter of law that Blanchard engaged in misconduct as defined by the labor code
or whether fact issues precluded summary judgment, the trial court was required
to determine whether Brazos and TWC proved as a matter of law that substantial
evidence supported TWC’s decision to deny him unemployment benefits.  See
Collingsworth Gen. Hosp., 988 S.W.2d at 708; Tex. Health
Facilities Comm’n, 665 S.W.2d at 452; Edwards, 936 S.W.2d at 465; Potts,
884 S.W.2d at 883.  As stated above, summary judgment is appropriate if the
summary judgment evidence proves as a matter of law that substantial
evidence—i.e., more than a scintilla but less than a preponderance—supports the
TWC decision, even though the summary judgment evidence preponderates against
the TWC decision to deny benefits.  See Tippy, 991 S.W.2d at 334; see
also Tex. Health Facilities Comm’n, 665 S.W.2d at 452.  With these
principles in mind, we turn to the merits of the trial court’s grant of summary
judgment against Blanchard.

A
person is “disqualified for benefits if [he] was discharged for misconduct
connected with [his] last work.”  Tex. Lab. Code Ann. § 207.044(a).  Labor code
section 201.012(a) defines “misconduct” as “mismanagement of a position of
employment by action or inaction, neglect that jeopardizes the life or property
of another, intentional wrongdoing or malfeasance, intentional violation of a
law, or violation of a policy or rule adopted to ensure the orderly work and
the safety of employees.”  Tex. Lab. Code Ann. § 201.012(a).  Brazos and TWC
argued to the trial court that Blanchard’s conduct constituted mismanagement of
his position of employment.  Mismanagement under section 201.012(a) requires
intent “or such a degree of carelessness as to evidence a disregard of the
consequences, whether manifested through action or inaction.”  Mercer v.
Ross, 701 S.W.2d 830, 831 (Tex. 1986).  However, “[m]ere failure to perform
the tasks to the satisfaction of the employer, without more, does not
constitute misconduct which disqualifies an employee from benefits.”  Tex.
Emp’t Comm’n v. Torres, 804 S.W.2d 213, 215–16 (Tex. App.—Corpus Christi
1991, no pet.).

Brazos
and TWC presented summary judgment evidence that Blanchard delivered wood
supplies to RD Shutters on June 17, 2008; that he did not ask for assistance in
the front office as he had done on prior deliveries; that he unloaded the wood
supplies himself by throwing them onto the loading dock; that Mr. Nguyen asked
Blanchard to stop throwing the supplies and wait until someone could assist
him; but that Blanchard continued throwing the supplies onto the loading dock. 
There is also evidence that Blanchard’s employment with Brazos was terminated
because Mr. Nguyen called Brazos after the incident, complained of Blanchard’s
“rude and destructive behavior,” and asked that Blanchard not make any further
deliveries to RD Shutters.  Blanchard presented summary judgment evidence contradicting
almost all of these facts.

If
the issue were simply whether genuine issues of material fact precluded summary
judgment on the question of Blanchard’s alleged mismanagement of his position
of employment, the summary judgment should have been denied.  But the issue is
instead whether the summary judgment evidence proved as a matter of law that
substantial evidence supported TWC’s decision to deny Blanchard benefits
because it found that he mismanaged his position of employment.  See
Tex. Lab. Code Ann. § 201.012(a); Collingsworth Gen. Hosp., 988 S.W.2d at
708; Tex. Health Facilities Comm’n, 665 S.W.2d at 452; Edwards,
936 S.W.2d at 465; Potts, 884 S.W.2d at 883.  Answering solely that
question of law, we hold that the trial court did not err by concluding, as a
matter of law, that reasonable minds could have determined that Blanchard
mismanaged his position of employment.  The evidence, although conflicting,
constitutes more than a scintilla of evidence that Blanchard acted with carelessness
with sufficient disregard of the consequences as opposed to the mere failure to
perform a task to Brazos’s satisfaction.  See Mercer, 701 S.W.2d
at 831; Torres, 804 S.W.2d at 215–16.  We overrule Blanchard’s first
issue.

B. 
Evidentiary Rulings

          Blanchard
contends in his second issue that the trial court abused its discretion by
overruling his objections to Brazos and TWC’s summary judgment evidence.  We
need not address Blanchard’s evidentiary objections, however, because we have
not relied on the objected-to evidence in determining that the trial court did
not err by finding that substantial evidence supported the TWC’s decision.[1] 
See Tex. R. App. P. 47.1.  We therefore overrule Blanchard’s second
issue.

V. 
Conclusion

          Having
overruled each of Blanchard’s issues, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MEIER, JJ.

 

DAUPHINOT,
J., filed a concurring opinion.

 

DELIVERED:  October 27, 2011


 
 
 
 
 
 


 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00419-CV

 

 


 
 
 MICHAEL
 M. BLANCHARD
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 BRAZOS FOREST PRODUCTS,
 
 
  
 
 
 APPELLEES
 
 


L.P.
AND TEXAS WORKFORCE

COMMISSION

------------

 

FROM THE
352ND DISTRICT COURT OF TARRANT COUNTY

------------

CONCURRING
OPINION

----------

The
majority correctly recites the standard of review appropriate for a traditional
summary judgment[2]
but then essentially holds that it is irrelevant because there is no real
appeal from the determination of the Texas Workforce Commission (TWC), stating,

Rather than determine
whether Brazos and TWC proved as a matter of law that Blanchard engaged in
misconduct as defined by the labor code or whether fact issues precluded
summary judgment, the trial court was required to determine whether Brazos and
TWC proved as a matter of law that substantial evidence supported TWC’s
decision to deny him unemployment benefits.[3]

No
matter that we must take the allegations of the nonmovant as true and determine
whether any issue of material fact exists in a true traditional summary
judgment review,[4]
if there was any evidence amounting to more than a scintilla before the TWC
that supports its decision, the entire appeal process is a sham because as a
matter of law the TWC cannot be reversed.[5]  Here, the nonmovant
showed substantial conflicting evidence.  If we take it as true, summary
judgment is not proper.[6]  But, despite the
standard of review to which we must give lip service, all that conflicting evidence
must be ignored in this case because, in determining appeals from a TWC ruling,
factual allegations of the nonmovant are irrelevant if there was any evidence
amounting to more than a mere scintilla before the TWC that supports its
ruling.[7]

If
this is what the legislature intends, then the Supreme Court of Texas should
come up with a new standard of review to be applied to summary judgment cases
involving appeals from administrative decisions based on substantial evidence, and
that standard of review should make sense in light of the law that we are
obligated to follow.  I would suggest that the standard first look to whether
there was substantial evidence to support the administrative ruling.  Then I
would ask whether the nonmovant has produced evidence either below or as newly
discovered evidence to show as a matter of law that the administrative ruling
cannot stand or that reasonable persons could not disagree that the veracity or
reliability of the evidence supporting the administrative ruling was so lacking
that a reasonable person could not rely on the evidence below.  If there is a
question regarding when the nonmovant became aware of this evidence, it would
go to the propriety of granting or denying the motion for summary judgment. 
That is, the burden would be on the proponent of the newly discovered evidence in
the same manner as in a motion for new trial based on newly discovered
evidence.[8]

The
majority has correctly addressed the issues before us as the law now stands.  I
respectfully ask the Supreme Court of Texas to reconsider the standard of
review for summary judgments in cases involving appeals from administrative rulings
based on substantial evidence.

 

 

 

LEE ANN DAUPHINOT
JUSTICE

 

DELIVERED:  October 27, 2011

 









[1]Blanchard objected to evidence
of the TWC appeal tribunal decision and TWC final decision, Brazos employee
conduct policies, the portion of Shirico’s affidavit detailing the complaint he
received from Ms. Nguyen, e-mails from Ms. Nguyen to Shirico, and the portion
of Ms. Nguyen’s affidavit detailing statements made by RD Shutters employee Ana
Saucedo.





[2]Majority op. at 4;
see Tex. R. Civ. P. 166a(b)–(c); Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010); Mann Frankfort Stein & Lipp Advisors, Inc.
v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009); 20801, Inc. v. Parker,
249 S.W.3d 392, 399 (Tex. 2008).





[3]Majority op. at 8.





[4]Tex. R. Civ. P. 166a(c); Fielding,
289 S.W.3d at 848.





[5]See majority op. at
8; City of Houston v. Tippy, 991 S.W.2d 330, 334 (Tex. App.—Houston [1st
Dist.] 1999, no pet.); Edwards v. Tex. Emp’t Comm’n, 936 S.W.2d 462, 465
(Tex. App.—Fort Worth 1996, no writ); see also Tex. Health Facilities Comm’n
v. Charter Med.-Dallas, Inc., 665 S.W.2d 446, 452–53 (Tex. 1984) (noting
that if there is substantial evidence, that is, more than a mere scintilla,
supporting the agency findings, the decision must be upheld even if the
evidence preponderates against it).





[6]See Tex. R. Civ. P.
166a(c); Fielding, 289 S.W.3d at 848.





[7]See majority op. at
7; Edwards, 936 S.W.2d at 465.





[8]See Fantasy Ranch, Inc.
v. City of Arlington, 193 S.W.3d 605, 615 (Tex. App.—Fort Worth 2006, pet.
denied).